INDUSTRIAL COMMISSION OF OHIO *v.* WILSON ET AL.

(Decided October 10, 1929.)

*Mr. John J. Chester, Jr.,* prosecuting attorney, and *Mr. Ray E. Hughes,* for plaintiff in error.
*Mr. F. S. Monnett,* for defendants in error.

ALLREAD, J. This case arose in the Industrial Commission. The commission disallowed the claim of the plaintiffs, Grace Wilson and others, and an appeal was taken to the court of common pleas, which heard and allowed the plaintiffs' claim. The case is brought to this court upon proceedings in error.

Counsel for the Industrial Commission concede that the evidence justifies the claim of the plaintiffs in the court of common pleas, that the death was due to the injury received by the decedent, Thomas H. Wilson, from cranking the car, leaving only the question as to whether this injury was received in the course of his employment as general sales manager

of the Red Jacket Consolidated Coal & Coke Company. The company had complied with the Industrial Commission Act, and had paid the premiums charged.

It appears from the evidence that the decedent, Thomas H. Wilson, was employed as general sales manager of the said company; that his office hours were not limited; that he was on duty for the company at home, on his way to the office, during working hours and after office hours; that his duties were to answer telephones, to solicit business, and to obtain information as to the responsibility of customers, and to do all other things usually involved in the title to the position which he occupied.

On the morning of November 6, 1926, said Thomas H. Wilson undertook to crank his car, and with the assistance of others finally got his car started. From the injury which he received in cranking the car an irritation of the duodenum resulted, which caused a rupture of the duodenum and the death of said Wilson on the 10th of November, 1926.

The question is whether Wilson at the time he cranked the car at his home was acting within the scope of his employment and engaged in the company's business. There is testimony to the effect that the car was owned by the president of the company, although the widow of Wilson testifies that it was owned by the company. We think it is immaterial whether the automobile was owned by the company, or the president of the company. The car was turned over to Thomas H. Wilson to be used in the business of the company, and was used by the said Thomas H. Wilson, not only in going to his home from the office, but in going elsewhere in the

business of the company. There is evidence tending to prove that there was an express agreement in reference to the use of the car whereby the cost of the operation thereof was to be accounted to the company and was paid by the company.

We think the evidence, therefore, is sufficient to justify the finding of the jury and the judgment of the trial court against the defendant, and in favor of the plaintiffs. The judgment of the court of common pleas is therefore affirmed.

*Judgment affirmed.*

KUNKLE and HORNBECK, JJ., concur.