MERRIMAN *v.* MANNING, MAXWELL & MOORE.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—STREET ACCIDENT—COURSE OF EMPLOYMENT.

Accidental death of employee, caused by automobile collision on street while he was on his way from his home to employer's office on Sunday to consult with and furnish information to another employee who was about to start out on business trip, arose out of and in course of his employment within meaning of workmen's compensation act, where he had been instructed by his superior to attend said conference.

Certiorari to Department of Labor and Industry. Submitted April 16, 1930. (Docket No. 89, Calendar No. 34,858.) Decided October 3, 1930.

As to whether injuries to solicitor, collector or outside salesman while on the street, arise out of or in the course of employment, see annotation in 29 A. L. R. 120; 36 A. L. R. 474.

Ruth A. Merriman and another presented their claim for compensation against Manning, Maxwell & Moore, Inc., for the accidental death of Harry U. Merriman while in its employ. From an order awarding compensation, defendant and Employers' Liability Assurance Corporation, insurer, bring certiorari. Affirmed.

*Cross, Foote & Sessions,* for plaintiffs.

*G. Wilson Gloster,* for defendants.

NORTH, J. The petitioner, Ruth A. Merriman, is the widow of Harry U. Merriman, deceased, and as such obtained an award under the workmen's compensation act for herself and infant son, Calvin A. Merriman. The order entered by the department of labor and industry is before us for review on certiorari issued on motion of the defendants, one of whom was the employer of deceased and the other the insurer on the risk.

Harry U. Merriman was employed by Manning, Maxwell & Moore, Inc., as a sales engineer. He received a monthly salary of $350. He had no fixed hours of employment. It was his duty to solicit business, answer requests for information, to prepare sales propositions and submit them, and to visit plants where the defendant company, which manufactured electric cranes, had made installations. As a part of his employment he also compiled bulletins, advertising, descriptive and photographic literature. Incident to its business, the defendant corporation had occasion to send a Mr. Minty, its chief engineer, to a western State, and in preparation for this trip a conference was held on March 16, 1929, at the Muskegon country club be-

tween the two employees named and Mr. Huss, who was their superior and in charge of the operation of defendant's, plant. Mr. Minty was to start on his trip the next day; and at this conference Mr. Huss instructed Mr. Merriman and Mr. Minty to meet on the following day before Mr. Minty started on his trip in order that Mr. Minty might secure additional information and certain business documents to be used with defendant's customer whom he was going to interview. About 10:30 the following forenoon, Sunday, March 17th, Mr. Minty drove to Mr. Merriman's residence. Mr. and Mrs. Merriman got into the machine with Mr. Minty and the three started for the office of the defendant company, which was about a mile and a half distant. While on the way Mr. Minty's machine was struck by another automobile at the intersection of two streets, resulting in the death of Mr. Merriman. The issue here is whether the injury arose out of and in the course of Mr. Merriman's employment. In connection with the facts and circumstances above noted, the following testimony is quite material: Mr. Huss testified:

"*Q.* Was he (Mr. Merriman) required to punch the clock when he came in in the morning?

"*A.* No, he did not form that class of employment at all.

"*Q.* He was not required to leave or he did not leave the plant at any particular time when he was in town?

"*A.* No.

"*Q.* What proportion of his time did he spend outside of the plant and outside of the city of Muskegon?

"*A.* It is hard to answer that definitely, but I should say one-third of his time was spent outside of the State of Michigan. * * * As a salesman. * * *. We went out to the country club, and dis-

cussed many angles of this situation (the trip) * * *. I made the suggestion that Mr. Merriman go to the plant on Sunday morning with Mr. Minty, and help Minty build up his case, etc. * * * I mentioned that several times during the conversation, and when we finally left * * * I said, 'Now, boys, first thing you do will be to get that material together, so there will be no slip on it, and get out here tomorrow and get that straightened out.' * * *

"*Q.* You instructed that Minty and Merriman go to the plant?

"*A.* I did.

"*Q.* On Sunday morning and get this data?

"*A.* Yes, get the data and the bulletins."

This witness gave other testimony of like character on both cross and redirect examination. His testimony was corroborated by that of Mr. Minty. The defendants assert that since the deceased was injured while on his way from his residence to his place of employment, the accident did not arise out of and in the course of his employment, and therefore plaintiffs are not entitled to compensation. On the other hand, plaintiffs contend that at the time of the accident the employee was doing a specific act within the scope of his employment which he was directed to do by his superior. The finding of the commissioners was in accordance with plaintiffs' contention and is sustained by the record. The issue here presented is controlled by the decision in *Bisdom* v. *Kerbrat, ante,* 316.

The award is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.