28072. WELSH *v.* ÆTNA CASUALTY & SURETY
COMPANY.

DECIDED FEBRUARY 5, 1940.

*Smith, Smith & Bloodworth, William H. Smith,* for plaintiff in
error.

*Haas, Gambrell & Gardner,* contra.

FELTON, J. This is an appeal from a judgment of the superior
court affirming an award of the Industrial Board denying com-
pensation to the plaintiff in error for the death of her husband,
William J. Welsh. Welsh was employed as chief engineer by
Frigid Ice Company. His regular working hours were from 6
a. m. to 6 p. m., but he was subject to call at any time. The plant
stayed open twenty-four hours a day, and as chief engineer Welsh
was responsible for the proper operation of the machinery of the
plant during the entire twenty-four hours. On the night of the
death of Welsh the night engineer had requested Welsh to stay on
duty until he arrived at the plant. When the night engineer ar-
rived at about eight o'clock p. m., Welsh was at the plant on duty.
Welsh explained to the night engineer that some of the machines
needed certain attention. Welsh then left the plant at approx-
imately 8:30 p. m., and was found at about 9 p. m. in some weeds
just off Courtland Street in the City of Atlanta, with a fractured
skull, from which injury he died five days later. He was in a semi-
conscious condition when found, and made the statement at that
time that he had been robbed. The place where the assault had
occurred was near two small stores which were frequented by Welsh
almost nightly, and was on the direct route from the Frigid Ice
Company to his home. Welsh lived only a few blocks from the
company, and it was his custom to return to the plant at night
after he had quit work and gone home. On some occasions he
would work when he went back at night, and on others he would
not. On the day of the assault he did not receive any instruction
to return to the plant that night, but did so on account of a private
arrangement with the night engineer, whereby the night engineer
could be late reporting to work and the machinery have the neces-

sary attention. It was shown that Welsh had gone to his residence and changed from his working clothes into other clothes, and had then gone back to the plant to await the night engineer. At the time he was found he had five dollars in his pocket.

An elaborate discussion of this case seems entirely unwarranted, for the reason that the question involved has been settled by the Supreme Court of this State. There are many cases from other jurisdictions holding to the contrary view, but they are of course immaterial in view of the authoritative ruling of our Supreme Court. The decision in *Ocean Accident & Guarantee Cor.* v. *Farr,* 180 *Ga.* 266 (178 S. E. 728), is authority for the proposition that an employee leaving his work after working hours is not "on the job" while so leaving. In that case the employee did not leave the premises of the employer. It is immaterial that the employee here was subject to call at all hours of the day, and that under the circumstances his work just before he left the premises on the occasion in question might be said to be equivalent to a special call. Although a great many foreign decisions hold that an employee going to and from work on special call is in employment while going to and from work, we can see no logical distinction between going to and from regular work and going to and from work to which there is a special call. While he was "off the job" he can not be said to be "on the job" because subject to special call whether he was on a regular job or on the job by special call. This is not a case of a traveling salesman who is in continuous employment. There is no evidence which would take this case out of the above rule, such as the fact that the employee had on his person valuables belonging to his employer, which it was his duty to protect, and the possession of which would subject him to robbery, assuming for the sake of argument that he was robbed. The case cited forecloses the claimant's contention in this case. It was not error to affirm the award denying the compensation and the expenses claimed.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*