Fox Brothers Hardware Company *v.* Ryland.

4-7211                                        177 S. W. 2d 44

Opinion delivered January 24, 1944.

*Buzbee, Harrison & Wright,* for appellant.

*E. W. Brockman* and *Chas. W. Orto,* for appellee.

Robins, J.   Edwin Ryland (who, having been the original appellee herein, will be given that designation in this opinion), employed as a city salesman by appellant, Fox Brothers Hardware Company of Pine Bluff, Arkansas, stumbled on the sidewalk alongside the establishment of his employer and suffered a disabling injury. His claim for compensation therefor was allowed by the Workmen's Compensation Commission. To reverse the judgment of the lower court affirming the award this appeal is prosecuted by appellee's employer and its insurance carrier, who urge here, for reversal of the judgment of the circuit court affirming this award, that the evidence did not establish that appellee's injury arose out of and in the course of his employment, so as to be compensable under the Workmen's Compensation Law. Appellee died during the pendency of this appeal, and, by consent, the cause has been revived in the name of his executrix.

The testimony of appellee reflects that at the time of his injury he was eighty-four years old, and had been working for Fox Brothers Hardware Company for more than twenty years. He was city salesman and called on his customers regularly. He worked on a commission basis, with no expense account. The company gave him a catalogue to use in making sales, and, as prices changed, he was required to make the necessary changes in his catalogue. On the day his injury occurred he had spent the early part of the afternoon at his employer's office, where he was engaged in bringing the prices shown in his catalogue up to date. About three o'clock he left the office to go to the Pines Hotel. He left his car parked a short distance from the office, and expected to return and use his car in going home. While walking on the sidewalk alongside his employer's place of business he stumbled on some object and fell, the fall resulting in a broken hip. He admitted that, when visited at the hospital by representatives of the insurance company, he

told them that when injured he was on his way to the hotel "to kill a little time." However, in testifying, he explained that the lobby of this hotel was a sort of meeting place for some of his customers, and that he sold goods regularly to the cigar counter in the lobby and to the drug store located in the hotel building. Appellee testified: "Q. You said, 'to kill a little time.' Where did you expect to go from the Pines Hotel as soon as you rested there? A. I was going home. Q. When you left Fox Brothers Saturday afternoon at 3:00 o'clock to go to the Hotel Pines you were not going to the Hotel Pines in the expectation of meeting a customer and making a sale at that time? A. No, I can't say that I was. . . . Q. You didn't have any samples in your pocket that afternoon? A. No, sir; that was Saturday afternoon."

In order for an employee to be entitled, under the provisions of the Workmen's Compensation Law, to compensation for an injury such injury must arise out of and in the course of his employment. Act 319 (subdivision f, § 2) of 1939.

On behalf of appellee, it is insisted that, since appellee sometimes made sales while in the lobby of the hotel, to which he was proceeding at the time he received his injury, it was properly held that his injury arose out of and in the course of his employment. But, in view of the fact that, as expressed by Mr. Ryland, his primary purpose in going to the hotel was not to make a sale, and in view of his statement that he had no samples with him and could not say that he was going there with the expectation of meeting a customer, a majority of the court are of the opinion that there was no evidence in this case to the effect that the trip to the hotel constituted any part of his duties, and that the fact that he was willing to make a sale, in event he had met a customer while on the trip, is not sufficient to establish that his intended visit to the hotel was to be made in the course of his employment. *Brooks* v. *Bale Chevrolet Company, Inc.,* 198 Ark. 17, 127 S. W. 2d 135; *Covey Ballard Motor Company* v. *Industrial Commission,* 64 Utah 1, 227 Pac. 1028; *London Guarantee & Accident Company, Ltd.,* v. *Industrial Accident*

*Commission,* 190 Cal. 587, 213 Pac. 977; and *Bride* v. *Cathedral Art Metal Company,* 66 R. I. 331, 19 Atl. 2d 317.

The views herein expressed make it unnecessary to consider the other questions raised.

The judgment of the lower court is reversed and the cause remanded with directions to deny the claim.