O'MEARA *v.* BEASLEY.

4-8857                                   221 S. W. 2d 882

Opinion delivered July 4, 1949.

---

[1] See Helena Gas Co. v. Rogers, 104 Ark. 59, 147 S.W. 473 and other cases collected in West's Ark. Digest, Trial, § 242.

*J. Ed Morneau*, for appellant.

Minor W. Millwee, Justice. Appellant, Robert W. O'Meara, was drilling for oil at a location in Little River county about eight miles north of Texarkana, Arkansas, in August, 1946. Hershel L. Williams, Clyde Redl, Noel A. Beasley, and F. G. Tisdale, members of the drilling crew, had started to work in Williams' automobile with Redl driving about 11:00 p. m. August 21, 1946, when the car in which they were riding collided with another automobile resulting in Williams' death and injury to the other three occupants.

Claims for compensation benefits were filed with the Workmen's Compensation Commission by Hershel Williams' widow and the three injured employees. The commission found that the death of Williams and the injuries sustained by the other claimants did not arise out of and in the course of their employment and said claims were denied after hearings before one commissioner and the full commission.

On appeal to circuit court, the findings and order of the commission were reversed and compensation in the amount of $7,000 was ordered paid in a lump sum to the widow of Hershel L. Williams and the other three claims were remanded to the commission to determine the sole question of the amount of compensation due them. The employer and his insurance carrier have appealed.

After extensive findings of fact, the commission reached the following "conclusions of law": "Claimants contend that they are entitled to compensation benefits because they were injured at a time and in such a man-

ner that it could be said that their injuries arose out of and occurred in the course of their employment. We do not agree with this contention. From the evidence presented in this case it appears that these employees were injured in an automobile accident at the intersection of 9th and Hickory streets in the city of Texarkana, Arkansas, several miles from the site of their employment which was an oil well some distance from the city of Texarkana. The employees at the time of the injury were en route to work and, construing the evidence in the most favorable light for these claimants, it may be conceded that they were following the most direct route to the site of their employment. deviating from this route only when necessary to pick up various employees at their homes.

"The general rule is that injuries occurring to employees en route to or from their employment and outside the premises of their employer are not compensable under the law. Claimants argue, however, that this case falls within an exception to that general rule in that they were being transported to their work by their employer. This Commission has always recognized that injuries received while being transported to and from one's employment by the employer are compensable and we feel that such is a valid and legal exception to the general rule regarding the coming and going of employees. Claimants here, however, have failed to show that their transportation was being furnished by their employer. It may be that Mr. Beasley, the drilling foreman, considered the fact that Hershel Williams owned an automobile as a factor in his decision to employ him, but he did not show that the employer paid for this transportation in any way. Furthermore no showing was made, although it was attempted, that it was customary in the oil drilling industry to furnish transportation to the employees. The one witness who testified regarding this custom remembered that oil drilling companies formerly furnished such transportation, but at that time the employees had to pay nothing for it. The witness 'understood' that later the companies had abandoned this practice. The evidence here does show that these em-

ployees had entered into a 'car pool' among themselves, an arrangement which was common during the war when there was a shortage of gasoline and automobile tires. Proof presented is that they themselves provided the transportation due to the fact that Williams owned an automobile and the other employees, including Mr. Beasley the foreman, were to pay a small sum each week for the transportation expenses. The fact that Mr. Beasley was a foreman and had himself entered into this car pool cannot impute the whole responsibility of the transportation to this employer.

"Roy Beasley, the driller, and G. H. Saeler, both testified that O'Meara did not agree to furnish transportation. Mr. Saeler further testified that O'Meara had never furnished transportation—that it was up to the driller and his crew to get to the job. The men's pay began when they reached the job and ended when they left the job. No extra pay was given the driver of the car transporting the men, and the driller had no authority to obligate O'Meara for transportation."

One of the exceptions to the general rule that an employee is not in the course of his employment while going to, or returning from, work is that arising where the transportation to and from the place of employment is furnished by the employer as an incident of the employment. This exception was recognized in *Hunter* v. *Summerville,* 205 Ark. 463, 169 S. W. 2d 579, where a timber contractor acquiesced in the custom of employees riding to and from the log woods on trucks of a sub-contractor whose compensation insurance was paid by the contractor. In *Blankenship Logging Co.* v. *Brown,* 212 Ark. 871, 208 S. W. 2d 778, an award of compensation was upheld where there was substantial evidence to establish at least an implied agreement by the employer to furnish transportation to the injured employee when the vehicle was supplied by the employer for the mutual benefit of himself and the workmen.

In *Stroud* v. *Gurdon Lumber Co.,* 206 Ark. 490, 177 S. W. 2d 181, and *Cerrato* v. *McGeorge Contracting Co.,*

206 Ark. 1045, 178 S. W. 2d 247, the employer was held not responsible for an injury sustained by an employee in traveling to and from the place of work in the absence of an express or implied agreement on the part of the employer to furnish such transportation. The distinction between these cases and the case of *Hunter* v. *Summerville, supra,* was pointed out in the Cerrato case as follows: "In the Hunter case, as is pointed out in the opinion in the Stroud case, the employer had agreed to furnish transportation to the employee to and from his work, and the injury was sustained while the transportation was being provided. But here, as in the Stroud case, there was no such agreement. Cerrato furnished his own transportation to and from his work. He was riding in the truck of a fellow-employee, who was furnishing transportation for both, upon a public highway, four hours after he had ceased working for his employer, at a distance of about three and one-half miles from the place of his employment, and was killed by coming in contact with a live wire lying across a public road, which was as much a peril to other users of the road as it was to Cerrato and his companions.

"In the Stroud case, we quoted, with approval, from an opinion of the Supreme Court of Oklahoma in *Indian Territory Illuminating Oil Co.* v. *Gore,* 152 Okla. 269, 4 Pac. 2d 690, the statement that 'In the absence of an agreement, express or implied, to transport an employee to the place of work, the employer is not responsible for an injury sustained by the employee in traveling to the place of work,' and the rule would not be different if the employee were traveling from his place of work, as was Cerrato."

We have carefully reviewed the evidence before the commission. The findings of the commission are supported by substantial, if not undisputed, evidence to the effect that there was neither an express nor implied agreement on the part of the employer, O'Meara, to furnish transportation to members of the drilling crew. While there was some evidence that the driller hired Williams because he had a car, there is an absence of

proof that either the driller or any other agent of the employer agreed to pay for transportation or that the employer ever followed a custom of doing so.

We conclude that the evidence supports the findings of fact and conclusions of law made by the commission, and that the circuit court erred in failing to so hold. The judgment is, therefore, reversed and the cause remanded with directions to affirm the findings and order of the Workmen's Compensation Commission.