THORNTON *v.* TEXARKANA COTTON OIL COMPANY.

4-9627        243 S. W. 2d 940

Opinion delivered December 10, 1951.

*Chas. C. Wine,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

WARD, J. Appellant, Joe W. Thornton, was denied recovery by the Arkansas Workmen's Compensation Commission and by the circuit court, and now prosecutes this appeal.

The pertinent facts, which are undisputed, are as set out below.

Thornton was an employee of the Texarkana Cotton Oil Corporation and was also a stockholder in the company. The United States Fidelity & Guaranty Company is the corporation's insurer. Appellant, Thornton, was a superintendent of the appellee corporation and his regular work hours at the plant were from around 7:00 a. m. to around 7:00 p. m. He had an assistant who was on the job the remainder of the day. Thornton possessed superior technical knowledge about the operation of the plant

and it was understood by employer and employee that said assistant could and would call him at any hour of the night if anything went wrong that required his help. In fact this arrangement was a part of his over-all employment for which he received $250 per month. In case of an emergency appellant was subject to call not only by his night man but by anyone in authority. On numerous occasions he had answered such emergency calls, and it was his custom to leave word of his whereabouts when he was away from home at night. He lived about three and one-half miles from the plant and his regular means of transportation back and forth was a motorcycle which he owned and serviced, although it was understood he could use a company car any time his own conveyance was out of commission. Appellant has been thus employed since August 29, 1929.

On January 13, 1945, appellant left the plant at the end of his day's work, around 6:30 p. m., and while riding on his motorcycle along the usual route to his home, and when at a distance of approximately one and one-half miles from the plant, he collided with a truck and was injured. He was not answering any emergency call at the time and was not anticipating any such call but was on his way home to spend the night. After medical treatment and hospitalization, for which appellant incurred bills amounting to $1,211.35, he returned to work on April 1, 1945, in a recuperative condition but with the hope of full recovery in about four months. During his absence from work the Oil Company paid his regular salary.

Under the above state of facts appellant ably argues that, at the time of his injury, he was within the scope of his employment, that the injury arose out of his employment, and therefore the Oil Company should be held liable. In presenting his argument appellant concedes the general rule to be, as stated in *Bales, Administratrix* v. *Service Club No. 1, Camp Chaffee,* 208 Ark. 692, 187 S. W. 2d 321, "that injuries sustained by employees when going to and returning from their regular places of work are not deemed to arise out of and in the course of their employment." The same rule was also announced by this

court in *Penny et al.* v. *Hudson Dairy et al.*, 218 Ark. 594, 237 S. W. 2d 893, and in *O'Meara* v. *Beasley*, 215 Ark. 665, 221 S. W. 2d 882. To like effect, appellant also agrees with the statement of the law announced by the Commission in these words: "We think it is a well settled principle of law that no compensation will be allowed in cases of injury or death arising from a *street risk* [accident] where the public at large is exposed to the same perils as the employee, . . ." However, as is pointed out by appellant, there are exceptions to the two general rules announced in the above quotations, and a fuller quote would have disclosed this fact. The exceptions in both instances are similar and are all based on the same fundamental reasoning, *viz.*: the relationship between the accident and the employment. One exception relates to where the transportation is furnished by the employer as recognized in *Hunter* v. *Summerville*, 205 Ark. 463, 169 S. W. 2d 579. Another exception relates to where the injured employee is on a mission for his employer. Still another but perhaps less clear exception is where the accident occurs in close proximity to the employer's place of business as recognized in the *Bales* case, *supra*.

Appellant readily admits, with the qualification mentioned below, that none of the above exceptions squarely cover the facts in this case, but uses them to emphasize the fact that our court has departed from the general rule against recovery in "going and coming" cases. From this premise and to substantiate his contention that appellant is not barred here he cites a large number of cases from other jurisdictions allowing recovery where the injured employee was either going to or coming from his place of employment. These cases are: *Kyle* v. *Greene High School*, 208 Iowa 1037, 226 N. W. 71; *Reisinger-Siehler Co.* v. *Perry*, 165 Md. 191, 167 A. 51; *Judd* v. *Metropolitan Life Ins. Co.*, 111 Conn. 532, 150 A. 514; *Merriman* v. *Manning, Maxwell and Moore*, 251 Mich. 318, 232 N. W. 409; and *Wilhelm* v. *Angell, Wilhelm and Shreve*, 252 Mich. 648, 234 N. W. 433. In all of these cited cases the employee was, at the time of the injury, on some kind of special mission or "emergency call" for his employer. For example: in the first case a janitor was

making a special trip to the school building in response to a call by the principal; in the second case the employee was called in the late night to close the doors and turn out the lights at his place of employment; etc. It appears that appellant recognizes this fact situation but still insists that it does not bar him from recovery because it was understood and was a part of his employment that he was subject to "emergency calls" at all times. It is true that he was subject to such calls and that he had, before his injury, responded on many occasions, and it is also true that he and his wife made arrangements for his availability at all times. It is also true that on the occasion of appellant's injury he was in fact not on any such emergency call and that he was expecting none at that time. To extend the exceptions to the general rule against recovery in "going and coming" and "emergency call" cases to include appellant's fact situation here would be going beyond what our court and, so far as we find, other courts have held, and also beyond sound reasoning. In other words, there would seem to be no logical limit to the situations posing recovery under appellant's theory. Although it seems our court has not passed directly on the point raised by appellant the Nebraska court has done so. From *Richtarik* v. *Bors*, 142 Neb. 226, 5 N. W. 2d 199, 142 A. L. R. 881, we quote the following:

"When an employee has finished his work and is on his way home, a mission of his own, and is injured at the place where he is not required to be by his employment, he is not within the provisions of the Compensation Law. And in this respect it makes no difference whether he works regular hours or is subject to call by the employer."

As intimated earlier in this opinion, appellant makes the contention that he should come within the exception [to the general rule] which allows recovery in cases where the employer furnishes the conveyance. This contention is based on the fact that the Oil Company would furnish appellant a car for transportation to and from home when his own conveyance was not usable. We think there is no merit in this contention because appellant was

at the time of the accident using his own means of conveyance and this fact eliminates all reason for the exception which he invokes.

No error appearing, the judgment of the lower court is affirmed.