JOHNSON *v.* JOHNSON.

5-791                                                284 S. W. 2d 846

Opinion delivered December 5, 1955.

[Rehearing denied January 9, 1956.]

*G. W. Lookadoo,* for appellant.

*McMillan & McMillan,* for appellee.

LEE SEAMSTER, Chief Justice. During the pendency of a divorce action by appellant, Holman Johnson, against appellee, Aline Johnson, the appellee petitioned the Clark Chancery Court for temporary attorney fees, costs, custody of the couples nineteen-month-old daughter, Ruby Jene, and, the sum of $25 per month for the support of said child. On November 2, 1953, the chancellor issued an order awarding temporary custody of the child to appellee and directed the appellant to pay $25 per month for the support of said minor child.

On December 8, 1954, a final decree was rendered granting appellant a divorce and awarding custody of the minor child to the appellee. The decree ordered and directed the appellant to pay $25 per month to the appellee for the support of the minor child.

A petition was filed by appellee in January of 1955, for the purpose of citing appellant into court for failure to pay maintenance and support as directed by the decree. The court granted this petition on January 10, 1955, and the appellant was ordered cited to appear before the court on February 14, 1955. On this date a hearing was held and the chancellor found that appellant was in arrears for two monthly payments (January and February of 1955), and ordered the appellant to pay the appellee the sum of $50. On February 24, 1955, the appellant filed a motion to vacate and modify the judgment and decree. The court, after hearing the additional testimony, overruled the appellants' motion on April 4, 1955. This appeal follows.

The appellant contends that he has made all payments that are due the appellee. He admits that no payments were made direct to the appellee, but earnestly insists that all payments were delivered to the office of his attorney, to deliver to the attorney for the appellee. The appellant testified that he could account for sixteen payments that he had delivered to the office of his attorney. The attorney for the appellant admitted that his office had received all sixteen payments and insisted that his secretary, in turn, delivered these payments to the attorney for the appellee. The secretary testified

that she did not recall any specific payments in which she did not procure a receipt at the time of delivery. The record reveals that there should have been sixteen payments to appellee, but appellant was able to establish only fourteen receipts from the attorney for the appellee.

The trial court did not attempt to blame anyone for the failure to deliver these two payments, but merely said "This boils down to a bookkeeping transaction. This money passed through several hands and through two law offices. Somewhere along the line it looks like either the girl got the money and did not give a receipt or either the money is in transit somewhere. Any way you figure it I doubt that Holman is responsible for it. . . . He (appellant) has been under the $25 payment since 1953, he should have made sixteen payments and he can account for fourteen, but has been unable to account for the other two, and the burden is on him to show those payments, and I couldn't do anything under this record but to render judgment against him (appellant) for $50 and direct that henceforth he make these payments to the clerk (Clark Chancery) and let the clerk keep up with them."

Finding no error, the decree is affirmed.