FRANK LYON COMPANY *v*. OATES.

5-803                                        284 S. W. 2d 637

Opinion delivered December 12, 1955.

*Goodwin & Riffel,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a Workmen's Compensation claim by appellee, a traveling salesman; and is resisted by appellant (employer) on the contention that the appellee's injuries did not arise "out of and in the course of the employment."[1] The Workmen's Compensation Commission made an award in favor of the claimant; the Circuit Court affirmed; and the employer has brought this appeal.

Mr. Oates was employed by Frank Lyon Company as a traveling salesman. His territory consisted of ten counties in Western Arkansas and three adjacent counties in Oklahoma. The *eastern* boundary of Mr. Oates territory was a north and south line about forty miles west of the Town of Perry and approximately ninety miles west of Little Rock. Mr. Oates worked on a commission basis, furnishing his own car and paying his own expenses. Mr. Oates, a single man, resided with his parents in the Town of Perry, which is not in his territory. He would leave Perry Monday morning, drive westerly to his territory, work in the territory until Friday eve-

---

[1] The quoted language is found in the definition of "Injuries," § 81-1302 (b) Ark. Stats.

ning, and then return to Perry for Friday night. On Saturday morning he was required to go to Little Rock to attend a sales meeting at 9:00 o'clock at the Frank Lyon Company. That meeting closed at noon or thereafter; and then Mr. Oates was free to return to Perry for Sunday and be ready to resume working in his territory Monday. The fact that Mr. Oates stayed with his parents in Perry and returned there after each Saturday sales meeting was known to the Frank Lyon Company.

The injuries which Mr. Oates received, as herein involved, occurred on Saturday afternoon when his car went out of control as he was returning to Perry after having attended a sales meeting. The sole question is whether the injuries were received "out of and in the course of the employment." It is conceded by appellant that Mr. Oates, after attending to some personal matters in Little Rock, was on the direct road returning from Little Rock to Perry at the time of the mishap; but appellant insists that Mr. Oates' presence at the sales meeting was required the same as was the attendance of the three other salesmen, who were residents of Little Rock; and that under the "going and coming rule" the employee is not covered by the Workmen's Compensation Law for injuries occurring en route to the place of business. In addition to the cases from our own State— hereinafter to be mentioned—appellant cites such cases as *Postal Telegraph Cable Co.* v. *Industrial Accident Comm.*, 1 Cal. 2d 730, 37 Pac. 2d 441, 96 A. L. R. 460; *Covey-Ballard Motor Co.* v. *Industrial Comm.*, 64 Utah 1, 227 Pac. 1028; *Lunde* v. *Congoleum-Nairn Co.*, 211 Minn. 487, 1 N. W. 2d 606; and *Dooley* v. *Smith Trans. Co.*, 26 N. J. Misc. 129, 57 Atl. 2d 554.

For an injury to an employee to be compensable under the Arkansas Workmen's Compensation Law the injury must, among other essentials, arise "out of and in the course of the employment"; and as regards most workers, injuries sustained in going to or returning from work are held to be non-compensable. Such injuries are

ruled out of compensability because of the ''going and coming rule.'' [2] In 58 Am. Jur. 723 this rule is stated:

''The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment. This general rule is subject, however, in most jurisdictions, to certain well recognized exceptions which depend upon the nature, circumstances, and conditions of the particular employment, and the cause of the injury.''

There are many, many well recognized exceptions to the ''going and coming rule''; and employees coming within such exceptions are held to have received their injuries arising ''out of and in the course of the employment.'' We list only a few such exceptions:

(a) Where the employer furnishes a method of transportation. See *Hunter* v. *Summerville,* 205 Ark. 463, 169 S. W. 2d 579; and *Tinsman Mfg. Co.* v. *Sparks,* 211 Ark. 554, 201 S. W. 2d 573.

(b) When the employee is injured while in close proximity to the place of business. See *Bales* v. *Service Club,* 208 Ark. 692, 187 S. W. 2d 321.

(c) When the employee has a duty to perform for the employer while en route home.

(d) Another exception to the ''going and coming rule,'' and involved in the present case, is the so-called ''traveling salesman rule.''

In 58 Am. Jur. 730, in discussing the compensability of injuries to employees, the performance of whose duties

---

[2] For some Arkansas cases involving application of the ''going and coming rule,'' see *O'Mearn* v. *Beasley,* 215 Ark. 665, 221 S. W. 2d 882; *Stroud* v. *Gurdon Lbr. Co.,* 206 Ark. 490, 177 S. W. 2d 181; *Cerrato* v. *McGeorge,* 206 Ark. 1045, 178 S. W. 2d 247; *Penny* v. *Hudson,* 218 Ark. 594, 237 S. W. 2d 893; and *Thornton* v. *Texarkana,* 219 Ark. 650, 243 S. W. 2d 940.

necessitates their traveling from place to place away from the premises of the employer, the text states:

"The course of the employment of a traveling salesman, for the purposes of workmen's compensation, covers both the time and place of the traveling as well as of the selling of goods."

And under the traveling salesman exception employees have received compensation in a vast variety of situations.[3] In 71 C. J. 704 to 706 the holdings are summarized in this language:

"Outside workers, traveling salesmen or solicitors. Where the nature of an employee's work is such that it is actually, usually, or customarily performed while the employee is off the premises of the employer, harm which befalls such employee while he is engaged in his work away from the premises of the employer may be compensable as arising out of and in the course of the employment. . . . Harm sustained by a traveling representative of his employer may be compensable notwithstanding such harm is sustained while the employee is away from the premises of the employer."

Professor Larson, in his treatise on "Workmen's Compensation Law," says in Vol. 1, § 16.00:

"The most obvious application (exception to the 'going and coming rule') is, of course, to the traveling salesman. It is well established that his travels are within the course of his employment from the time he leaves home on a business trip until he returns, for the self-evident reason that the traveling itself is a large part of the job. . . ."

---

[3] Some of these are stated in 58 Am. Jur. 731 in the following language: "In the application of the foregoing general principles in particular instances or classes of situations, such as injuries while at hotels or other lodging or eating places, while traveling on boats or trains, while boarding or alighting from streetcars, while flying, while traveling in taxicabs, automobiles, or hired vehicles, while waiting or resting, while going toward a station, hotel, conveyance, or home, while going home for the week end, while going toward the employer's place of business, while proceeding toward the employee's working territory or area of service, while performing work, or while engaged in social or recreational activities, . . ." We quote the foregoing language as illustrative only, and without binding effect should similar situations arise in our jurisdiction.

Schneider, in his text on "Workmen's Compensation," Permanent Ed., Vol. 7, § 1665, summarized the holdings allowing traveling salesmen to recover in this language:

"Where the trip or attendance is one which the employer ordered or directed, or is for the sole benefit of the employer, or is to the mutual advantage of both the employer and his employee, compensation may be recovered."

There are numerous cases involving factual situations somewhat similar or analogous to the case at bar, and in which the employee was allowed compensation. For some such, see *Teshnor* v. *F. E. Compton & Co.*, 263 N. Y. App. Div. 263, 32 N. Y. S. 2d 266; *State ex rel. McCarthy* v. *Dist. Court,* 141 Minn. 61, 169 N. W. 274; *Harby* v. *Marwell Bros., Inc.*, 203 App. Div. 525, 196 N. Y. S. 729; *Solar-Sturges Mfg. Co.* v. *Industrial Comm.*, 315 Ill. 352, 146 N. E. 572; *Spradling* v. *International Shoe Co.* (Mo.), 270 S. W. 2d 28; *Newman* v. *Rice Stix,* 335 Mo. 572, 73 S. W. 2d 264, 94 A. L. R. 751; *Green* v. *Heard Motor Co.,* 224 La. 1078, 71 So. 2d 849; *Townsend* v. *General Aniline & Film Corp.*, 284 N. Y. App. Div. 919, 134 N. Y. S. 2d 415. *Whittemore Bros. Corp.* v. *De Grandpre,* 202 Miss. 190, 30 So. 2d 896, is an interesting case: there the Mississippi Court applied the Massachusetts Workmen's Compensation Law to a claim of a traveling man en route from his Arkansas territory to his headquarters in Vicksburg, Mississippi; and allowed a recovery. Other cases are collected in West's Decennial Digest System, "Workmen's Compensation," § 715. See Annotations in 20 A. L. R. 325; 29 A. L. R. 123; 36 A. L. R. 474; 49 A. L. R. 454; 63 A. L. R. 469; and 100 A. L. R. 1060.

Appellant insists that the case at bar is ruled by our holding in *Fox Bros.* v. *Ryland,* 206 Ark. 680, 177 S. W. 2d 44, wherein we denied compensation to Ryland for injuries he received on the sidewalk en route to the hotel where he was going to "kill a little time." The Ryland case was on the borderline, and its holding must be confined to the particular facts; but, even so, there is a big distinction between the Ryland case and the one at bar.

Ryland was a salesman in Pine Bluff with limited territory. He left the company office and started on a personal journey to the hotel, which was a deviation from his direct route; and it was while he was on such deviation that he received his injuries. That the opinion was bottomed on the idea of deviation is shown by the following language:

". . . a majority of the Court are of the opinion that there was no evidence in this case to the effect that the trip to the hotel constituted any part of his duties, and that the fact that he was willing to make a sale, in the event he had met a customer while on the trip, is not sufficient to establish that his intended visit to the hotel was to be made in the course of his employment."[4]

In the case at bar Mr. Oates was regularly required by the Frank Lyon Company to go to Little Rock for a sales meeting each Saturday morning. That trip was certainly a part of his duties. It was while he was returning from Little Rock to his assigned territory, and on no deviation whatsoever, that he received his injuries. It is true that he was en route from Little Rock to Perry; but Perry is on the direct route from Little Rock to Mr. Oates' territory.

We therefore hold that the Commission correctly allowed a recovery in this case.

Affirmed.

---

[4] In our later case of *Cagle* v. *Gladden-Driggers Co.*, 222 Ark. 517, 261 S. W. 2d 536, we affirmed the Commission which refused compensation benefits to a salesman who was injured while on a private mission.