### 38276. DEPARTMENT OF REVENUE *v.* COOK.

GARDNER, Presiding Judge. This case has been before this court before. See *Cook v. Georgia Dept. of Revenue,* 100 *Ga. App.* 172 (110 S. E. 2d 552).

Mrs. Viola A. Cook (hereinafter referred to as the claimant) filed a claim with the State Board of Workmen's Compensation for the death of her husband, Dorsey Dale Cook (hereinafter called the employee). The suit was filed against the Department of Revenue, State of Georgia (hereinafter called the employer).

Upon the first appearance of this case before the State Board of Workmen's Compensation, a single director denied the claim for an award and this judgment was affirmed, on appeal, by the full board and likewise by the Superior Court of Taylor County.

The evidence taken on the first hearing shows substantially that the employee was an enforcement officer for the Department of Revenue; that he died as a result of a coronary thrombosis; that he was on call for duty at all times, both day and night; that on the date of the heart attack he arose at approximately 6 a.m., ate breakfast, and left home about 7:15 a.m., to go to Butler, Georgia, about twelve miles from his home. The claimant testified that her husband made no complaint before he left home. The evidence shows that when the employee arrived at Butler he went to the police station and while sitting there he advised someone that he was not feeling well and went out to sit in his car; that a few minutes thereafter he advised Chief of Police Peacock that he did not feel able to work and he was going home and

asked that this message be delivered to a co-worker, who customarily met the employee to work together.

When the case was brought to the Court of Appeals this court reversed the award with direction that the claim be remanded to the State Board of Workmen's Compensation for further consideration by that board in accordance with the opinion rendered by the Court of Appeals. This was done. When the case was again before the State Board of Workmen's Compensation it entered an award in favor of the claimant in the following language: "The full board further finds as a matter of fact that at the time Dorsey Dale Cook, the deceased husband of the widow-claimant, suffered his heart attack that subsequently caused his death, he was in and about the course of his employment and that said accidental injury as aforesaid which caused his death arose out of and in the course of his employment with the Georgia State Department of Revenue." The evidence in favor of this award is, to our minds, skimpy. However, the appellate courts have many times held that where there is any evidence to support the findings of fact and award of the State Board of Workmen's Compensation, the appellate courts will not reverse same.

The Superior Court of Taylor County did not err in affirming the findings of fact and award of the State Board of Workmen's Compensation in favor of the claimant.

*Judgment affirmed. Townsend, Carlisle 'and Frankum, JJ., concur.*

DECIDED MAY 18, 1960.

Eugene Cook, Attorney-General, John S. Harrison, Assistant Attorney-General, for plaintiff in error.

Byrd & Quillian, Kelley Quillian, Alfred Fears, contra.