40921. LEWIS WOOD PRESERVING COMPANY v. JONES et al.

D<small>ECIDED</small> N<small>OVEMBER</small> 24, 1964.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for plaintiff in error.

*Robert Culpepper, Jr.,* contra.

FELTON, Chief Judge. The facts being undisputed, whether the employee's accidental death arose out of and in the course of his employment is a question of law. *Thornton v. Hartford Accident &c. Co.,* 198 Ga. 786, 795 (32 SE2d 816); *Travelers Ins. Co. v. Smith,* 91 Ga. App. 305, 308 (85 SE2d 484).

The undisputed facts, as they appear from the record and the deputy director's findings of fact, are to the effect that the decedent had been employed as a crane operator for several years prior to his accidental death; that during every other week he was subject to call, after working a regular 8 hour day shift, during the remaining 16 hours of the day to change treating charges; that he had answered such calls on an average of 6 or 7 times a week and sometimes several times in one night, having already gone out on an earlier call about 45 minutes before going out on the call on the way to which he was killed in an automobile collision; that, although he had a general idea when he left his regular day shift in the afternoon when the next charge would be ready to change, there was no way to anticipate it accurately until 30 minutes or an hour in advance, due to the nature of the operation, the different types of material processed, the varying moisture content and many other factors; that the Treating Superintendent habitually called the decedent at his home about 15 or 20 minutes before the charge was ready to be changed and knew that the decedent always drove his own automobile to the plant from his home, a distance of .7 mile; that during the weeks when the decedent was subject to call, he always remained at home except for a few occasions when he went on an errand, in which cases he checked with his employer before leaving; that the decedent was paid $5.00 for each special call, over and above his regular hourly rate for the time required on the call; that the fatal accident occurred about 3 blocks from the plant, on the usual direct route from the de-

cedent's home to the plant, and within less than 25 minutes after he had received a special call from his employer to report for work.

The general rule is that where an employee's duties begin and end at his place of employment and the employer does not furnish him transportation to and from that place, accidents occurring while the employee is en route to or coming from such place do not arise out of his employment. *American Mut. Liab. Ins. Co. v. Curry*, 187 Ga. 342 (200 SE 150) ; *Wilcox v. Shepherd Lumber Co.*, 80 Ga. App. 71 (55 SE2d 382) ; *Bailey v. Murray*, 88 Ga. App. 491, 497 (77 SE2d 103).

Our courts, as well as those in foreign jurisdictions, have been constrained by varying factual situations to recognize a number of exceptions to this general rule. In *Department of Revenue v. Cook*, 101 Ga. App. 688 (114 SE2d 806), this court affirmed an award of compensation for death by coronary thrombosis of a State Revenue Department enforcement officer who was *on call for duty at all times, both day and night*, and whose death occurred while driving home from a place where he had not been performing any actual duties, but had been waiting for his co-worker so they could commence their day's work. The instant case is even stronger, for the reason that the decedent was actually en route to perform actual duties at the time of his death. A number of cases have allowed compensation even though the employee was furnishing his own transportation, where such means of transportation was intended or contemplated by the parties to the contract of employment and the employee was where he could reasonably have been expected to be at the time of the accident. See *Cooper v. Lumbermen's Mut. Cas. Co.*, 179 Ga. 256 (175 SE 577) ; *Bituminous Cas. Corp. v. Humphries*, 91 Ga. App. 271 (85 SE2d 456) ; *American Mut. Liab. Ins. Co. v. Casey*, 91 Ga. App. 694 (86 SE2d 697). In the latter case the employee, a field superintendent of a construction company on 24 hour call, was killed on the way from the site of construction to his home where he prepared reports and did other work for his employer. The court there said that the "employment of the claimant's husband in this case was more nearly comparable to that of a traveling salesman. His em-

ployment was broader in scope than that of ordinary employees; his hours were more irregular, and usually longer, than those of ordinary employees working in a fixed location, and he was in continuous employment more or less day or night. *Thornton v. Hartford Accident &c. Co.*, 198 Ga. 786 (32 SE2d 816)."

While some earlier cases seem to indicate that the causative danger must be peculiar to the work and not common to the neighborhood for the injuries to arise out of and in the course of the employment (see *Maryland Cas. Co. v. Peek*, 36 Ga. App. 557, 137 SE 121; *Hartford Accident &c. Co. v. Cox*, 61 Ga. App. 420, 6 SE2d 189), later cases have been somewhat more liberal, saying that, "to be compensable, injuries do not have to arise from something peculiar to the employment." *Fidelity &c. Co. of N.Y. v. Barden*, 79 Ga. App. 260, 262 (54 SE2d 443). "Where the duties of an employee entail his presence (at a place and a time), the claim for an injury there occurring is not to be barred because it results from a risk common to all others  .  .  .  unless it is also common to the general public without regard to such conditions, and independently of place, employment, or pursuit. *New Amsterdam Casualty Co. v. Sumrell*, 30 Ga. App. 682 (118 SE 786), cited in *Globe Indemnity Co. v. MacKendree*, 39 Ga. App. 58 (146 SE 46)." *McKiney v. Reynolds &c. Lumber Co.*, 79 Ga. App. 826, 829 (54 SE2d 471).

The only Georgia case which we have found which might seem to support a finding that the death of the claimant's decedent was not compensable is that of *Welsh v. Aetna Cas. &c. Co.*, 61 Ga. App. 635 (7 SE2d 85). The court, in denying compensation, stated, on page 636, as follows: "It is immaterial that the employee here was subject to call at all hours of the day, and that under the circumstances his work just before he left the premises on the occasion in question might be said to be equivalent to a special call. Although a great many foreign decisions hold that an employee going to and from work on special call is in employment while going to and from work, we can see no logical distinction between going to and from regular work and going to and from work to which there is a special call. While he was 'off the job' he can not be said to be 'on the job' because subject to special call whether he was on a regular

job or on the job by special call." The court noted that there are many cases from other jurisdictions holding to the contrary view (some of which we will cite hereinafter), but regarded the decision in *Ocean Accident &c. Corp. v. Farr*, 180 Ga. 266 (178 SE 728) as authority for the proposition that an employee leaving his work after working hours is not "on the job" while so leaving. A comparison of the *Welsh* case with the *Farr* case reveals that the *Farr* case involved a different factual situation, which should have prevented that ruling from becoming the basis of that in the *Welsh* case. In the *Farr* case the employee was injured on premises other than those of the employer during his lunch hour and compensation was denied on the grounds that the employee was free during his lunch hour ,to use the time as he chose and eat his lunch wherever he pleased, so that it was his individual affair. In the *Welsh* case, on the other hand, the accident occurred after the employee had left work, having received no instructions to return to the plant that night, and, at the time of his death, he had been stopping by some stores on private business unrelated to his employer's interest. The decision in the *Welsh* case, therefore, should have been based upon the fact that the employee had left the plant for the day, expecting no further calls, and was not engaged in anything incidental to his employer's business. The above-quoted statement from the *Welsh* case relative to the status of the employee while going to and from work on a special call is therefore obiter dictum. Those cases which have cited the *Welsh* case can be distinguished on their facts, so that they do not necessarily depend upon this dictum. In *Roper v. American Mut. Liab. Ins. Co.*, 69 Ga. App. 726 (26 SE2d 488) and *Stenger v. Mitchell*, 70 Ga. App. 563 (28 SE2d 885), the employee had finished all his duties and was free for the night. In *Ralph v. Great American Indem. Co.*, 70 Ga. App. 115 (27 SE2d 756), the employee had the option of going back to work at whatever time he chose as long as he got in the required number of hours, thus was not really "subject to call," so that he could not utilize the time in between work for his own personal pursuits. The case of *Aetna Cas. &c. Co. v. Honea*, 71 Ga. App. 569 (31 SE2d 421), likewise does not depend upon this dictum, since this was a lunch hour case, as was the *Farr* case.

The following authorities support the proposition that, where an employee is subject to call and sustains an injury while going to or from work, and at the time of the injury he is actually engaged in furthering the employer's business, the injury arises out of and in the course of the employment and is compensable: 142 ALR 881, 885; Kyle v. Greene High School, 208 Iowa 1037 (226 NW 71); Kromley v. Board of Education, 13 N.J. Mis. R. 627 (180 A 546); Reisinger-Siehler Co. v. Perry, 165 Md. 191 (167 A 51); Bachman v. Waterman, 68 Ind. App. 580 (121 NE 8); Industrial Commission v. Wilson, 34 Ohio App. 36 (170 NE 37); Judd v. Metropolitan L. Ins. Co., 111 Conn. 532 (150 A 514); Cahill's Case, 295 Mass. 538 (4 NE2d 332); Fleischmann Co. v. Marshall, 149 Va. 254 (141 SE 139); Merriman v. Manning, Maxwell & Moore, 251 Mich. 318 (232 NW 409); Wilhelm v. Angell, Wilhelm & Shreve, 252 Mich. 648 (234 NW 433); Haddock v. Edgewater Steel Co., 263 Pa. 120 (106 A 196); Zeier v. Boise Transfer Co., 43 Idaho 549 (254 P 209); Gelbart v. New Jersey Federated Egg Producers Asso., 17 N.J. Mis. R. 185 (7 A2d 636); Crippen v. Press Co., 228 App. Div. 727 (239 NYS 102); Favorite v. Kalamazoo State Hospital, 238 Mich. 566 (214 NW 229); Cymbor v. Binder Coal Co., 285 Pa. 440 (132 A 363); Consolidated Underwriters v. Preedlone, 114 Tex. 172 (265 SW 128); Livers v. Graham Glass Co., 95 Ind. App. 358 (177 NE 359); Smith v. Industrial Commission of Ohio, 90 Ohio App. 481 (107 NE2d 220); Sweat v. Allen, 145 Fla. 733 (200 S 348); Wirta v. North Butte Mining Co., 64 Mont. 279 (210 P 332); 30 ALR 964; Larson, Treatise on Workmen's Compensation, Vol. 1, p. 224, § 16:10.

In the instant case it is apparent that, immediately upon receiving the employer's telephone call, it became the employee's duty to go directly to his place of employment as rapidly as reasonably possible, putting aside any private affairs which would be inconsistent with a direct and immediate response to the call. Failure to so do would presumably have been proper occasion for his discharge. Although the employee was not paid directly for the time during which he was subject to call, he was nevertheless required to be available for call and willing to interrupt or forego completely any personal pursuits in the in-

terest of making himself available whenever needed. The payment of $5.00 per call over and above the regular hourly wage amounted in part to compensation for the transportation to and from the plant, as well as for the inconvenience of having to be continuously available for call and being called as many as 3 or 4 times a night sometimes. This arrangement had the effect of keeping the employee under the control of the employer during the time in which the employee was subject to call and the accident occurring during such time, while the employee was actually en route to answer the special call, was one arising out of and in the course of his employment. It is not necessary in this case to decide all the times and situations in which such an employee would be covered, since the criterion of the applicability of this exception to the general rule depends upon the nature and circumstances of the particular employment, and no exact formula can be laid down which will automatically solve every case. Cudahy Packing Co. v. Parramore, 263 U.S. 418, (44 SC 153, 68 LE 366, 30 ALR 532).

The evidence demands the award made; therefore the court did not err in its judgment affirming the award.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*