### 54432. FOSTER et al. v. BROWN TRANSPORT CORPORATION.

DEEN, Presiding Judge.

*Corbin v. Liberty Mut. Ins. Co.,* 117 Ga. App. 823 (162 SE2d 226) offers an excellent compendium of cases citing the general rule that injuries to employees while going to or coming from work are not compensable within the meaning of the Workmen's Compensation Act, with certain exceptions, one of which is "where an employee is on call and furnishes or is reimbursed for his transportation costs." An example of this exception is

*General Fire &c. Co. v. Bellflower,* 123 Ga. App. 864 (182 SE2d 678). There a bus driver had driven from Macon, Georgia, to Jacksonville, Florida, where he was to stay in rooms provided at company expense and received a maintenance allowance but was otherwise "off duty" until the return trip, which would probably have been assigned to him the following day. The court held: "Where as here the evidence discloses that the employee was a bus driver working on an irregular schedule requiring him to be away from home, who was 'off duty' but 'on call,' who was occupying lodging furnished by the employer, who was returning on a direct route to his lodging after having visited a convenient place in the area to eat, and who received an allowance for out-of-town expenses in addition to lodging, it supports a determination that the employee was in the course of his employment when he received the injuries that caused his death."

The deceased employee in the present case was employed as a long haul truck driver. He was at his home in Jackson County but "on call," meaning that on notification of a trip he was to be at the Atlanta Terminal within two hours. He was paid nothing between trips, and furnished his own transportation to and from Atlanta. On receiving a call he and his co-driver left immediately and started for Atlanta, carrying a log book and overnight clothing. Both men were discovered later in their car shot to death. After a hearing compensation was denied in turn by the administrative law judge, the full board, and the superior court judge of Jackson County.

We have given this case extended consideration and find no authority for reversing the board, although there is little logic in differentiating between situations where lodging is paid for by the employer and those where it is not. Appellant argues that where an employee is subject to special call his time is not his own, he is doing something for the benefit of his employer in awaiting the call, and the injury en route should be compensable. This is met with the ruling in *Welsh v. Aetna Cas. &c. Co.,* 61 Ga. App. 635, 636 (7 SE2d 85) where it was held: "[W]e can see no logical distinction between going to and from regular work and going to and from work to which there is a special call. While [the employee] was 'off the job' he

cannot be said to be 'on the job' because subject to special call whether he was on a regular job or on the job by special call. This is not a case of a traveling salesman who is in continuous employment."

The judgment of the superior court affirming the denial of compensation is affirmed.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED SEPTEMBER 30, 1977.

*Kenyon, Hulsey & Oliver, Julius M. Hulsey,* for appellants.

*Hopkins & Gresham, H. Lowell Hopkins,* for appellee.