Cite as 2024 Ark. App. 600

# ARKANSAS COURT OF APPEALS
## DIVISIONS I & II
### No. CV-23-234

| | |
|---|---|
| REBECCA SKALA, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF SIR CHRISTOPHER EARNEST WALKER SKALA, DECEASED, AND GUARDIAN OF THE ESTATE OF XAVIOR ROBERT DAWSON SKALA, A MINOR; AND JAMES GARDNER, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF TAMMY GARDNER, DECEASED<br><br>APPELLANTS<br><br>V.<br><br>COMFORT SYSTEMS USA, INC.; AND COMFORT SYSTEMS USA (ARKANSAS), INC.<br><br>APPELLEES | **Opinion Delivered** December 4, 2024<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT<br>[NO. 32CV-21-245]<br><br>HONORABLE HOLLY MEYER, JUDGE<br><br>SUPPLEMENTAL OPINION ON DENIAL OF REHEARING |

**CINDY GRACE THYER, Judge**

In their petition for rehearing and in a complete reversal from their argument in their original brief, the appellees now argue that the Arkansas Supreme Court has, in fact, adopted the going-and-coming rule in respondeat superior cases. The petition for rehearing is denied because we affirm our prior holding.[1] However, we offer the following in explanation.

---

[1]In addition to this supplemental opinion, we have also issued a substituted opinion correcting nonmaterial mistakes of fact brought to our attention in the appellees' petition.

In the petition for rehearing, appellees argue that our supreme court adopted the going-and-coming rule in respondeat superior cases in *Knighton v. International Paper Co.*, 246 Ark. 523, 438 S.W.2d 721 (1969). The *Knighton* case was decided five years after the *Van Dalsen* decision[2] cited in our previous opinion. It also involved a third-party suit against an employer for an accident involving one of its employees. And, as in *Van Dalsen*, our supreme court cited *Frank Lyon Co. v. Oats*, 225 Ark. 632, 284 S.W.2d 637 (1955).

Our supreme court, however, did not, as appellees suggest, adopt a blanket application of the going-and-coming rule to respondeat superior cases in *Knighton*; nor did it expressly overrule its clear statement in *Van Dalsen* that liability in respondeat superior cases is not to be governed by the rules applicable to workers'compensation cases. Instead, the supreme court simply decided the case under the traditional respondeat superior analysis: whether the employee was acting withing the scope of his employment at the time of the collision, taking into account whether the employee was under the control of his employer at the time of the accident. The court noted that the employee was working on a unit basis, had delivered the fruits of his labor to the pulpwood yard, had received his pay, and was on his way home in his own vehicle. As such, our supreme court held he was no longer under the control of any alleged employer and thus was not acting within the scope of his employment at the time of the collision. Therefore, the fact that the employee was returning home at the time of the accident was just one factor in making that determination.

---

[2]*Van Dalsen v. Inman*, 238 Ark. 237, 379 S.W.2d 261 (1964).

As stated in our previous opinion, because reasonable minds could reach different conclusions as to whether Conboy was acting within the scope of his employment at the time of the collision, summary judgment was inappropriate.

Petition denied.

HARRISON, C.J., and GRUBER, BARRETT, WOOD, and HIXSON, JJ., agree.

*Denton & Zachary, PLLC*, by: *Joe Denton*, *Justin C. Zachary*, and *Andrew Norwood*; and *Murphy, Thompson, Arnold & Skinner*, by: *J.T. Skinner* and *Bill Arnold*, for appellants.

*Watts, Donovan, Tilley & Carson, P.A.*, by: *David M. Donovan* and *Staci Dumas Carson*, for appellees.