## 21348.  KEEN v. THE STATE.

BROYLES, C. J.  1. There being evidence that the defendant admitted that the whisky found in a certain building was his whisky, the failure of the court "to charge the law with reference to joint possession of the building" was not error.

2. Under repeated rulings of the Supreme Court and of this court, the failure of the judge to charge the law of confessions is not error, in the absence of a timely and appropriate written request.

3. The remaining special ground of the motion for a new trial shows no cause for a reversal of the judgment.

4. The evidence amply supported the verdict.

> *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*
>
> DECIDED MAY 13, 1931.

*Dampier & Watson,* for plaintiff in error.
*J. A. Merritt, solicitor,* contra.

## 21351.  ATLANTA LIFE INSURANCE COMPANY v. THOMPSON.

BROYLES, C. J.  1. The court did not err in refusing to admit in evidence a certain premium receipt card of the defendant company, which purported to show, in the handwriting of a local agent of the company, that the last weekly payment on the policy was made on the first day of April, 1929 (which, if true, would have established the fact that the weekly payments on the policy were in arrears for more than four weeks before the death of the insured, and, under the terms of the policy, would have defeated the plaintiff's suit).  There was no evidence adduced which showed conclusively that the agent's figures and statements on the receipt card were true.  The agent himself did not testify; and the witness for the company, who testified that the card had been received by the company from the agent, testified further, "I don't know of my own knowledge that it's correct.  It depends on the honesty of the man [the agent who filled it out] as to whether it's correct or not. . . I will not swear that Thomas [the agent in question] was honest."

2. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

> *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*
>
> DECIDED MAY 13, 1931.

*E. L. Stephens,* for plaintiff in error.
*Burch & Daley, R. I. Stephens,* contra.