## 21838. DAVIES *v.* HEARN.

Decided May 11, 1932.

*W. V. Custer & Son,* for plaintiff in error.

*J. C. Hale,* contra.

Bell, J.  E. M. Hearn brought suit against T. M. Davies to recover damages for personal injuries inflicted upon him by a motor-truck alleged to have been driven by Will Walker as a servant and employee of the defendant.  The trial resulted in a verdict for the plaintiff, and the defendant excepted to the overruling of his motion for a new trial.

In the brief filed for the defendant in this court two contentions are made under the general grounds of the motion for a new trial: (1)  that the evidence failed to identify the vehicle which struck the plaintiff or to show who was the driver thereof;  (2)  that even if the vehicle and the driver were identified as the automobile and the employee of the defendant as alleged in the petition, it con-clusively appears that such employee, Will Walker, was at the time using the automobile for his own private use and benefit, and was not acting within the scope of his employment as a servant of the defendant.  Each of these two general questions was submitted to the jury as an issue of fact, and in the amendment to the motion for a new trial error is assigned upon certain charges and rulings relating to each of them.

It is our opinion that the evidence authorized the finding in favor of the plaintiff upon the first issue, and that the trial judge com-

mitted no error in any charge or ruling pertaining to it. As regards the second issue, we have reached the conclusion that even though some of the instructions in reference thereto may have been erroneous, the evidence, contrary to the contention of the defendant, not only authorized but demanded the finding in favor of the plaintiff, and, thus, that any errors in the charge of the court were harmless. The case as presented here involves no question as to negligence, nor as to any other issue of fact except as just indicated.

The specific question raised under the second general contention as noted above is as to whether Will Walker, the regular driver of the vehicle, was acting without the course of his employment and not in the service of the defendant, while using the car, as it appears he was doing, for the purpose of conveying his wife and child to his and their home at the time of the alleged injury, although after having gone, with the consent of the defendant, to the home of his father-in-law to get his wife and child, he had returned to the road over which he was accustomed to drive the defendant's automobile in the conduct of the defendant's business, and with the exception of the fact that he was accompanied by his wife and child as passengers, he was using the automobile in the usual and ordinary manner, as approved by his employer.

The evidence developed the following facts: On a certain evening shortly after dark the plaintiff was injured while walking from his home to the home of a neighbor situated upon a public highway running east from the town of Climax to the town of Whigham. He had about reached his destination and had left the traveled portion of the highway for the purpose of entering the premises of his neighbor at the time of the impact. He was well out of danger from ordinary traffic, being several feet from the traveled portion of the highway, and was struck by a motor-vehicle which had left the public road and was encroaching upon the front yard of the home to which the plaintiff was going.

The defendant was engaged in the lumber business, owning a planing mill at Climax to which he supplied lumber from a point in or near the town of Whigham, by means of a truck which was constantly operated for this purpose upon the highway adjacent to which the plaintiff was injured. When used for this purpose the truck was driven by a man named Will Walker, who resided upon the same highway some distance east of the place where the plaintiff

was injured. The truck that injured the plaintiff was traveling in an easterly direction, and there was some evidence to show that the defendant's truck driven by Will Walker passed the scene of the accident going in this direction at about the time the plaintiff was injured. From this and various other circumstances disclosed by the evidence and tending to identification, the jury were authorized to find in favor of the plaintiff and against the defendant upon the issue as to the identity of the truck and of the driver. This is so clear from the evidence that we will enter upon no discussion with respect to this point. The court did not err in the admission of any evidence pertaining to this issue, nor were any of the instructions in relation thereto subject to the exceptions taken in the motion for a new trial.

■ Considering it as settled by the verdict that the plaintiff was injured by a truck belonging to the defendant and driven by his employee, Will Walker, we will now endeavor to show that the evidence demanded the finding that the truck was being operated by Walker within the scope of his employment as a servant of the defendant.

It appears, without dispute, that Walker also lived upon the highway which leads from Climax to Whigham and over which he was engaged in hauling lumber, residing east of Climax and east of the point where the plaintiff was injured. It was his custom to make one or more round trips daily in conveying lumber from some point in the vicinity of Whigham to the defendant's planing mill at Climax. When he had made his last trip each day, he would leave the planing mill at Climax and go with the empty truck to his home, where he would keep it until the following morning, and then proceed from his home for the next load. This was his daily custom, and the defendant, according to his own testimony, knew of and approved such custom on the part of his employee.

On the evening of the plaintiff's injury, Walker, after delivering his last load of lumber to the planing mill, sought and obtained the permission of his employer to use the truck for the purpose of going northward a few miles to the residence of his father-in-law to get his wife and child and to take them home with him in the truck. After making this side trip, he returned to the highway at a point west of the place where the plaintiff was injured, and then proceeded to his home by the usual route, which carried him

by the situs of the accident. These facts were established beyond any possible controversy, and it follows that Walker was using the truck at least for the joint purpose of himself and his employer at the time the plaintiff was injured. In other words, he was using it for the purpose of carrying his wife and child home, and also for the purpose of having it and keeping it during the night in order to go thence for his next load of lumber on the following morning. He had made a deviation upon a mission personal to himself, but this mission had been executed in so far as it took him away from his master's work, and he had resumed his ordinary employment, although by the permission of his master he had added a further use to the vehicle for the time being. The fact that he had his wife and child with him did not subtract from his employment in taking the automobile home in the usual manner, in the conduct of his master's business. It merely imposed an additional use upon the automobile upon the occasion in question. Walker was not pursuing his own ends exclusively, and was not less in the service of his master than if he had been traveling alone as he usually did.

What has just been said will apply to a third use to which the vehicle was in part habitually devoted. Counsel for the plaintiff in error have made no specific contention as to this further use, but we deem it necessary to take the same into consideration in determining whether the vehicle was as a matter of law still being operated by the driver within the scope of his employment. We refer to the fact that it served as a convenience to the employee in enabling him to ride to his home at the close of the day's work and to avoid his returning by foot to the planing mill each morning. His employer, however, was also benefited and served by this arrangement, which had become a custom on the part of the employee, with the approval of the employer. Under it, the vehicle was in charge of the employee not alone for his own use, but for the further purpose of having it at hand when he was ready to begin his work each day. Instead of incurring the delay of first walking some distance to the planing mill every morning, he was enabled to start promptly in the other direction on his first trip for lumber. But even if the employee did not begin his first trip earlier by reason of this custom, it is yet true that the vehicle would be required to cover the distance between the planing mill and the employee's residence upon each round trip, and, subject only to the usual nightly stop-

over at the home of the driver, it was being used for this purpose at the time of the plaintiff's injury. Quite obviously, one of the uses to which the truck was being applied was in furtherance of the business of the defendant, and in so using it the driver was acting within the scope of his employment as the defendant's servant.

In 1 Shearman & Redfield on Negligence (6th ed.), § 147, it is stated that where a servant is allowed by his master to combine his own business with that of the master, or even to attend to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured by his negligence, but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master in the act, the negligent performance of which caused the injury. This statement was based upon authority, and was approved by the Supreme Court of Appeals of Virginia in the well considered case of Drake v. Norfolk Steam Laundry Cor., 135 Va. 354 (116 S. E. 668).

If an automobile is being negligently operated by a servant while he is at liberty from his master's service and is pursuing his own ends exclusively, the master is not responsible for any damage thus occasioned, but the rule is otherwise where the vehicle is being used for the purposes of the master and in the scope of the driver's general employment, notwithstanding it is also being used in part for the accommodation of the driver. *Fielder* v. *Davison,* 139 *Ga.* 509 (5) (77 S. E. 618); *Greeson* v. *Bailey,* 167 *Ga.* 638, 640 (146 S. E. 490); *Lewis* v. *Amorous,* 3 *Ga. App.* 50, 54 (59 S. E. 338); *Perry* v. *Lott,* 38 *Ga. App.* 729 (145 S. E. 479); Goff *v.* Clarksburg Dairy Co., 86 W. Va. 237 (103 S. E. 58); 42 C. J. 1107.

With reference to the deviation by the driver in going for his wife and child, it is the rule that the master is not liable for an act of the servant where the servant is stepping aside from the duties of his master, but is liable if the servant, after so doing, has resumed, and is again engaged in, the conduct of the master's business. *Palmer* v. *Heinzerling,* 34 *Ga. App.* 544 (3) (130 S. E. 537); 39 C. J. 1298-1304. Under the facts appearing, the evidence demanded the inference that the vehicle was being used by Walker within the scope of his employment in connection with the defendant's business, and there was really no issue for the jury in relation to this question. It follows that even if some of the instruc-

tions pertaining thereto should be held to be erroneous as claimed, the defendant was not harmed.

The foregoing will dispose of all grounds of the motion for a new trial except that which complains of the court's refusal to declare a mistrial because of the following occurrence: The plaintiff's counsel offered in evidence an indictment against Will Walker, charging him with the offense of assault and battery upon E. M. Hearn in the transaction now sued on, together with the verdict finding the accused guilty. Although the contents of this document were not stated or read in the hearing of the jury, the presiding judge inquired of the plaintiff's counsel as to the materiality of this evidence, to which inquiry the attorney for the plaintiff replied, in the presence of the jury, "It is an adjudication beyond a reasonable doubt that Will Walker is the person who struck the plaintiff in this case." After retiring the jury from the courtroom for the purpose of hearing the motion for a mistrial and of considering the admissibility of the evidence, the judge concluded to exclude the evidence, but to deny the motion for a mistrial, and then recalled the jury and instructed them that he had overruled the motion but had sustained the objection to the evidence, and that they, the jury, should "disregard any statement as to what that paper purports to prove."

The evidence was clearly inadmissible, but since the jury were never informed as to the nature or contents of the document, and since the statement of counsel was made in response to an inquiry by the presiding judge and the jury were subsequently told to disregard it, we can not say that the trial judge abused his discretion in declining to declare a mistrial merely because of the bare statement of counsel. See, in this connection, *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (6) (16 S. E. 49) ; *Collins Park & Belt R. Co.* v. *Ware,* 112 *Ga.* 663 (37 S. E. 975) ; *Manchester* v. *State,* 171 *Ga.* 121 (7) (155 S. E. 11) ; *Heinz* v. *Backus,* 34 *Ga. App.* 203 (2) (128 S. E. 915) ; Civil Code (1910), § 4957.

The evidence authorized the verdict for the plaintiff, and there was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*