30017. ROPER *et al. v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED JULY 10, 1943. REHEARING DENIED JULY 22, 1943.

*T. Elton Drake, William E. Ball, Eugene Talmadge, Winfield P. Jones,* for plaintiffs. *Neely, Marshall & Greene,* for defendants.

STEPHENS, P. J. Mrs. Marguerite Hammond, who has since married and become Mrs. Marguerite H. Roper, as the widow of Arthur Fort Hammond, filed with the Industrial Board a claim for compensation for herself and minor child, for the death of Arthur Fort Hammond which she alleged was caused from an injury resulting from an accident arising out of and in the course of his employment. The director on the testimony adduced found for the claimant and awarded compensation. The full board, on appeal by the employer and insurance carrier, without consideration of any further evidence, but on the evidence adduced, sustained the appeal and denied compensation on the expressed ground "that the employee was injured because of his wilful misconduct." The superior court, on appeal by the claimant from the finding of the full board, affirmed the board's finding. The claimant excepts to the judgment of the superior court. The employer and the insurance carrier, by what is denominated a "cross-appeal" to the

superior court, contended that the judgment of the full board denying compensation should be affirmed on the ground that the death of the claimant's husband did not result from an accident arising out of and in the course of his employment. The judge of the superior court, in his order affirming the award of the full board denying compensation on the ground that the death of the claimant's husband was caused by his wilful misconduct, stated that "the full board would have been justified in finding that the death of Hammond did not arise out of and in the course of his employment."

It appears from the undisputed evidence adduced on the hearing before the director of the Industrial Board that the claimant's husband, Arthur Fort Hammond, at the time of the accident which caused his death, was in the employ of Harry L. Gilham, who was in the electrical supply business, as an electrical supply salesman, engaged in promoting sales, soliciting business for his employer and calling on the trade under the direction of the employer; that he was furnished by his employer with an automobile to be used by him in furtherance of his duties as salesman and was allowed by his employer to use this automobile also for his own personal use; that before the accident which resulted in Mr. Hammond's death, and on the night of the accident, Mr. Hammond had attended a banquet and dance at the Biltmore Hotel in Atlanta, given by the National Society of Illuminating Engineers, who are manufacturers of electrical appliances and for several days had been holding a convention at the hotel, and had on exhibition and display various electrical appliances; that Hammond, on this occasion, inspected the various appliances on display; that one of the manufacturers having goods on display was the High Grade Electrical Company, a manufacturer of electrical appliances, which was represented in Atlanta by Harry L. Gilham, Hammond's employer; that the High Grade Company invited both Gilham and Hammond to the banquet; that it was to the interest of the employer, Gilham, that Mr. Hammond attend this convention at the Biltmore, and become acquainted with the various electrical appliances on display and acquire knowledge which would enable him to go about selling his employer's products, and get in contact with customers of his employer who were in attendance on the exhibition of these electrical appliances; that it was no part of

Mr. Hammond's duties as an employee of Gilham to attend this convention and banquet, and that while he and Mr. Gilham attended the convention and banquet together, Mr. Hammond did so only voluntarily; that after the termination of the banquet and dance, Mr. Hammond left the Biltmore in his employer's automobile, which had been furnished him to use in his business, and proceeded on his way to his home in College Park by a direct route which carried him through East Point, Georgia; that he left the Biltmore about 1:45 o'clock in the morning; that after reaching East Point about 2:30 o'clock, the automobile in which he was traveling was wrecked and he received injuries thereby from which he afterwards died. Whether or not the attendance of Mr. Hammond on the exhibition of the various manufacturers of their electrical products at the hotel, and his attendance on the banquet and dance, all of which were very beneficial to his employer and to Mr. Hammond as a salesman for his employer, might be considered as part of his duties as a salesman, it appears conclusively that Mr. Hammond was not in and about his employer's business, after he had left the Biltmore Hotel and was on his way home to College Park passing through East Point where his car was wrecked. Mr. Hammond, after he left the Biltmore was on his way home and about his own business, and the accident to his automobile which resulted in his death did not arise out of and in the course of his employment. See *United States Fidelity & Guaranty Co.* v. *Skinner,* 188 *Ga.* 823 (5 S. E. 2d, 9); *Ocean Accident &c. Co.* v. *Farr,* 180 *Ga.* 266 (178 S. E. 728); *Welsh* v. *Ætna Casualty &c. Co.,* 61 *Ga. App.* 635 (7 S. E. 2d, 85). The mere fact that the deceased at the time was using the company's automobile is not sufficient to authorize a finding that the deceased in using the automobile for the purpose of going home, as he was doing, was acting in and about the business of his employment. *American Mutual Ins. Co.* v. *Curry,* 187 *Ga.* 342 (200 S. E. 150). It appears conclusively from the evidence that the deceased was authorized by his employer to use the automobile for his own personal use.

The evidence demanded a finding that the death of the claimant's husband was not caused from an accident arising out of and in the course of his employment. The superior court did not err in affirming the judgment of the Industrial Board denying compensation. *Judgment affirmed. Sutton and Felton, JJ., concur.*