30313.   STENGER *v.* MITCHELL *et al.*

■

Decided February 2, 1944.

■

*Fraser & Irwin,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

Sutton, P. J.   Mrs. Vannie Stone Stenger sued A. O. Mitchell and Mrs. Ruby Mayes Mitchell, trading as Mitchell Motors, for damages on account of certain personal injuries alleged to have been sustained by her in an automobile accident.   Her petition alleged in substance, that she sustained certain described personal injuries when the automobile she was driving was struck by an automobile owned by the defendants and driven by A. S. Moore, who was "at said time and place an agent and employee of the defendants, and was upon the business of the defendants," and who was negligent in certain specified particulars, and that this negligence was the direct cause of her injuries.   Judgment was sought against the defendants.

The defendants answered and denied the allegations of the peti-

tion, and alleged that if A. S. Moore was driving an automobile owned by them at the time of the alleged accident, he was not operating it on the business of the defendants, or either of them, but was on a purely personal mission.

On the trial, the plaintiff testified that she was injured when the automobile she was driving was struck by an automobile owned by the defendants and operated by A. S. Moore. She described the nature and extent of her injuries, which she testified were the result of the negligence of Moore in the operation of the automobile he was driving at the time.

A. O. Mitchell, one of the defendants, testified to the effect that he and his wife, who was the other defendant, owned Mitchell Motors, an automobile agency; that A. S. Moore was employed by them as a salesman prior to the time of the accident; that he was employed on a commission basis, and privileged to find purchasers with priority to purchase automobiles; that he was allowed the use of their automobiles as an accommodation and a courtesy; that R. G. Jones was the sales manager of the business and in charge of sales, but that he was not directly responsible for the opening and the locking of the doors to the building, as this was handled by the service department; that Jones had a key to the building, and the right to unlock the doors of the building to show any prospective purchaser an automobile, and the right to tell any salesman to lock it up for him; that Moore also had a key to the building and the right to unlock the doors to show any prospective purchaser the automobiles, and this was the primary reason that he had a key to the building.

A. S. Moore testified to the effect that on the day of the accident R. G. Jones and he were the only salesmen employed by the defendants, and that one of them was supposed to lock the doors of the building each afternoon. They alternated days, and he would lock up one afternoon and Jones the next. The defendants furnished Jones and him an automobile to use, and at the time of the accident, he was driving one of the automobiles owned by the defendants. The defendants owned eight or ten automobiles which were used for demonstration purposes, and he was allowed to use any one of them that he desired to use. The defendants furnished the gasoline and oil used by him in his work. He was employed to sell as many automobiles as he could for the defendants, and when not

demonstrating an automobile to a prospective purchaser, he would keep and use the automobile for his own purposes. On the day of the accident, he demonstrated the automobile to a prospective purchaser that morning, but left him at the post-office building and then drove by where his wife worked and picked her up, and they drove by a grocery store and purchased groceries before going home, where his wife prepared lunch for them. About four o'clock that afternoon, he drove back to the building of the defendants to lock the doors. He saw that the rear door was locked, and locked the front door, and after crossing the street where he purchased some cigars, he returned to the automobile and started home. He had no prospective purchasers to see that afternoon, or the next day, and he had finished everything he was supposed to do at the defendants' place of business before starting home. He could have driven down town in the automobile if he had had any business there, or could have gone to a picture show. He was responsible for the automobile, and when he had it in his possession had full control of it for any purpose.

After the introduction of the evidence, the court, on motion, granted a nonsuit, and the exception here is to that judgment.

A motion to nonsuit is in the nature of a demurrer to the evidence, and should never be granted where there is any evidence to support the plaintiff's action, or where the jury can fairly infer from the evidence a state of facts favorable to the plaintiff. *Hawkins* v. *National Surety Corp.*, 63 *Ga. App.* 367, 372 (11 S. E. 2d, 250), and cit. But where the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit should be granted. Code, § 110-310; *Peterson* v. *Willbanks,* 157 *Ga.* 382 (121 S. E. 326); *Gray* v. *McNeal*, 12 *Ga.* 424 (6). A material allegation of the plaintiff's petition was that A. S. Moore, the driver of the automobile which it was alleged struck the automobile that the plaintiff was driving and thereby injuring her, was the agent and employee of the defendants, and upon the business of the defendants at the time of the accident. *Greble* v. *Morgan,* 69 *Ga. App.* 641 (26 S. E. 2d, 494). In the present case, the evidence was uncontroverted that at the time of the accident, Moore was not on his way to call upon any prospective purchaser, nor on any mission for the defendants. He had fully completed

all the services he was to perform for the defendants at their place of business, as he had seen that the rear door was locked, and had himself locked the front door, before he crossed the street where he purchased some cigars before returning to the automobile and starting to his home; and he was on his way home when the accident occurred in which the plaintiff was alleged to have been injured. Where a servant causes an injury to another, to determine whether the master is liable, the test is whether the servant was, at the time of the injury, acting within the scope of his employment and on the business of the master. *Nichols* v. *G. L. Hight Motor Co.,* 65 *Ga. App.* 397, 401 (15 S. E. 2d, 805). As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work. 5 Blashfield's Cyclopedia of Automobile Law and Practice, 196, § 3041. In this connection, see *Elrod* v. *Anchor Duck Mills,* 50 *Ga. App.* 531, 533 (179 S. E. 188); *United States Casualty Co.* v. *Scott,* 51 *Ga. App.* 115 (179 S. E. 640); *Welsh* v. *Ætna Casualty & Surety Co.,* 61 *Ga. App.* 635 (7 S. E. 2d, 85). It was held in *Roper* v. *American Mutual Liability Ins. Co.,* 69 *Ga. App.* 726, 728 (26 S. E. 2d, 488): "The mere fact that the deceased at the time was using the company's automobile is not sufficient to authorize a finding that the deceased in using the automobile for the purpose of going home, as he was doing, was acting in and about the business of his employment. *American Mutual Ins. Co.* v. *Curry,* 187 *Ga.* 342 (200 S. E. 150). It appears conclusively from the evidence that the deceased was authorized by his employer to use the automobile for his own personal use." Construing the evidence most strongly in favor of the plaintiff, it failed to support the averments of the petition, and the court did not err in granting the motion for nonsuit. *Kea* v. *New,* 69 *Ga. App.* 560 (26 S. E. 2d, 310).

The plaintiff contended that the court erred in excluding testimony of the witness, A. S. Moore, to the effect that on the day of the accident he had an understanding with R. G. Jones, who was the general sales manager, that he would lock up the premises that afternoon; that he promised R. G. Jones that he would return that afternoon and see that everything was locked up; that he was a

salesman and the sales force was responsible for seeing that the place was locked up; that the last one out at night would see that the place was locked and all the cars were inside; and that when he went to work for the defendants, they agreed to furnish him with transportation and gasoline and oil for use in doing his work. The plaintiff contends that the testimony was pertinent on the question of agency to show that the witness was under a duty to return to the building that afternoon because of a direct order to do so by a superior officer, and contends that the ruling was erroneous and controlled the judgment of nonsuit granted by the court. The evidence which it is complained was excluded would not have saved the case from nonsuit. It was merely cumulative to evidence which was admitted, and it would not have materially changed the scope and effect of the evidence in the case. "It is no ground to reverse a judgment of nonsuit that the court excluded evidence which, even if admissible, would not have materially changed the scope and effect of the evidence which was admitted." *Stewart* v. *Savannah Electric Co.*, 133 *Ga.* 10 (2) (65 S. E. 110, 17 Ann. Cas. 1,085).

*Judgment affirmed. Felton, and Parker, JJ., concur.*