### 20756. CHATTANOOGA PUBLISHING COMPANY, INC., *v.* FULTON.

Hawkins, Justice. Mrs. Vera Mae Fulton brought her action for damages, in the City Court of Walker County, Georgia, against three defendants, George W. Bowers, a resident of Walker County, Georgia, Bert Brown Motors, Inc., a corporation of the State of Tennessee, with a place of business in Walker County, Georgia, and Chattanooga Publishing Company, a corporation of the State of Tennessee, for injuries alleged to have been sustained by her while riding as a gratuitous passenger in an automobile belonging to the publishing

company, which was being operated at the time of the collision by her husband. Bert Brown Motors, Inc., was discharged on a general demurrer; a verdict was rendered in favor of the defendant George W. Bowers, and in favor of the plaintiff against Chattanooga Publishing Company. The latter company (hereinafter referred to as the defendant) filed a motion for new trial and also a motion for a judgment notwithstanding the verdict, based upon its motion for a directed verdict, made at the conclusion of all of the evidence. The trial judge sustained both the motion for a new trial and the motion for a judgment notwithstanding the verdict, to which judgments the plaintiff excepted by bill of exceptions to the Court of Appeals. That court reversed the judgment granting the motion for a new trial, holding that the motion was not filed within the time provided by the statute creating the City Court of Walker County, and reversed the judgment sustaining the motion for a judgment notwithstanding the verdict, upon the ground that, in the view taken by that court of the evidence, "the jury was authorized to find that the driver of the Chattanooga Publishing Company's truck was authorized to be in Georgia at the time and place at which the collision occurred," and "The evidence authorized a verdict for the plaintiff, and was so found by the jury; the trial court, consequently, erred in overruling the plaintiff's timely motion to dismiss, and the granting of, the judgment notwithstanding the verdict." The case is before this court on certiorari. The application for certiorari assigns error on these rulings by the Court of Appeals upon the ground that they are contrary to law and contrary to the evidence, it being insisted, among other things, that the evidence demanded a finding that the plaintiff's husband was not engaged in the business of the defendant owner of the truck, or within the scope of his employment, at the time of the collision, but was using the truck outside of the State and of the territory of his employment, and for a purely personal mission of his own, for a visit by him and his wife to her relatives in Georgia. *Held:*

1. While there are a number of assignments of error in the application for certiorari, since the rulings on the questions presented with respect to the motion for a judgment notwithstanding the verdict are controlling, they alone will be considered.

2. Where, as here, a motion for a judgment notwithstanding the verdict was filed within thirty days after the reception of the verdict, which was set to be heard on a given date, and on that date the hearing was continued until a later date, and a motion was made to dismiss such motion because no brief of evidence had been filed in connection therewith, and there was no authority of law for the order of the trial court entered at the time the motion was filed granting to the movant time within which to prepare, present for approval, and file a brief of the evidence in said case, it was not error for the trial court to deny the motion to dismiss, since it had entered an order on both the motion for a new trial and the motion for a judgment notwithstanding the verdict at the time they were filed, providing that the movant have until the hearings of said motions, whenever that may be, to prepare and present for approval a brief of the evidence in said case, which it had a right to do under Code (Ann.) § 110-113 (*Wanamaker* v. *Wanamaker*, 215 *Ga.* 473, 111 S. E. 2d 94), and the Court of Appeals erred in reversing the judgment of the trial court denying the motion to dismiss.

3. The testimony of the witnesses Wages and Hoback, sworn in behalf of the defendant, was that the plaintiff's husband was employed by them for the defendant as District Manager for the Rockwood District, known in the records of the defendant as District No. 25, in the State of Tennessee; that his duties required him to deliver the defendant's newspapers to the various agents and carriers in that district; and that he had specific instructions not to take the truck outside of his district. The plaintiff testified that her husband was not on duty at the time of the collision; that she was visiting her parents in Georgia for the week-end, and her husband had spent the night there with them; and that she asked permission to ride back to Chattanooga with him in the defendant's truck in order to do some shopping. While the plaintiff's husband testified that he was permitted to keep the defendant's truck at his home at night, without any restriction as to the territory in which he might use it, and that he was on twenty-four hour call while in his district should any of the carriers under him fail to deliver their papers, and that at the time of the collision, which occurred in Walker County, Georgia, he was on his way back to the State of Tennessee, and that he intended to pick up his papers for delivery upon reaching the defend-

ant company's place of business, there was no evidence that he had received or was responding to any call to duty immediately prior to or at the time of the collision, or that he was in the performance of any duty as such employee at the time and place of the collision. In *Stenger* v. *Mitchell,* 70 *Ga. App.* 563, 566 (28 S. E. 2d 885), it is said: "As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work." See also the authorities there cited and *Ocean Accident & Guarantee Corp.* v. *Farr,* 180 *Ga.* 266 (178 S. E. 728); *American Mutual Liability Insurance Co.* v. *Curry,* 187 *Ga.* 342 (2) (200 S. E. 150). In the absence of special circumstances, such as knowledge on the part of the owner of an automobile that he is entrusting it to a negligent and incompetent driver, or that the automobile has some mechanical defect, the owner of an automobile who permits another to use it for the purposes of the latter is not liable for the negligence of such other person in the operation of such automobile. The evidence in the instant case demands the conclusion that, at the time of the collision complained of, the husband of the plaintiff was using the defendant's automobile for a purely personal mission of his own and of his wife, in no way connected with the business of the owner, and not within the scope of his employment. The trial court properly granted the motion for a judgment notwithstanding the verdict, and the Court of Appeals erred in reversing that judgment. *Young* v. *Kickliter,* 213 *Ga.* 42 (96 S. E. 2d 605), and cases there cited.

*Judgment reversed. All the Justices concur, except Quillian, J., disqualified.*

ARGUED MARCH 14, 1960—DECIDED APRIL 7, 1960— REHEARING DENIED APRIL 27, 1960.

*S. W. Fariss, Chambliss, Chambliss & Hodge,* for plaintiff in error.

*Robert E. Coker, Frank M. Gleason,* contra.