44213, 44214. PRICE, as Next Friend and Individually v. STAR SERVICE & PETROLEUM CORPORATION et al.

ARGUED FEBRUARY 4, 1969—DECIDED FEBRUARY 11, 1969.

*Ernest Bostick, Paul Carden,* for appellants.

*Bryan, Carter, Ansley & Smith, M. D. McLendon, Tommy T. Holland,* for appellees.

EBERHARDT, Judge. ■ We affirm. While there is an infer-

ence that when a vehicle is operated by an employee of the owner it is operated within the scope of his employment and duty, the inference is overcome when there is uncontradicted positive evidence that the employee was, at the time in question, on a purely personal mission and not in the performance of any duty as an employee or servant of the owner. *Brennan v. National NuGrape Co.*, 106 Ga. App. 709 (128 SE2d 81); *Royal Undertaking Co. v. Duffin*, 57 Ga. App. 760 (2) (196 SE 208); *Allgood v. Dalton Brick & Tile Corp.*, 81 Ga. App. 189 (3) (58 SE2d 522).

The factual situation here clearly comes within the ruling in *Fielder v. Davison*, 139 Ga. 509 (5) (77 SE 618) that: "If while a servant is not engaged in the performance of his master's business, and during a time when he is free to engage in his own pursuits, his master lends him an automobile, and while he is using it for his own pleasure, disconnected from any business of the master, he negligently injures another by its operation, the servant will stand in the same position as would another borrower, and the master will not be liable for his acts, on the doctrine of respondeat superior." Accord: *Eason v. Joy Floral Co.*, 34 Ga. App. 501 (1) (130 SE 352); *Reddy-Wald-hauer-Maffett Co. v. Spivey*, 53 Ga. App. 117 (185 SE 147); *Royal Undertaking Co. v. Duffin*, 57 Ga. App. 760 (1), supra; *Graham v. Cleveland*, 58 Ga. App. 810, 811 (1) (200 SE 184); *Roper v. Amer. Mut. &c. Ins. Co.*, 69 Ga. App. 726 (26 SE2d 488); *Aetna Cas. & Surety Co. v. Fulmer*, 81 Ga. App. 97 (57 SE2d 865); *Ruff v. Gazaway*, 82 Ga. App. 151 (60 SE2d 467); *Johnson v. Webb-Crawford Co.*, 89 Ga. App. 524 (80 SE2d 63); *Johnson v. Brant*, 93 Ga. App. 44 (90 SE2d 587); *Fulton Bag & Cotton Mills v. Eudaly*, 95 Ga. App. 644 (98 SE2d 235); *Sparks v. Buffalo Cab Co.*, 113 Ga. App. 528 (148 SE2d 919); *U. S. F. & G. Co. v. Skinner*, 188 Ga. 823 (5 SE2d 9); *Young v. Kickliter*, 213 Ga. 42 (96 SE2d 605); *Chattanooga Publishing Co. v. Fulton*, 215 Ga. 880 (114 SE2d 138).

Ownership of the vehicle alone is insufficient to establish liability on the part of the owner, and mere proof of ownership is not sufficient to establish prima facie that the car was being driven by a servant of the owner, about the owner's business and

within the scope of his employment. *Gillespie v. Mullally*, 30 Ga. App. 118, 119 (117 SE 98); *Yellow Cab Co. v. Nelson*, 35 Ga. App. 694 (2) (134 SE 822). And see *Frankel v. Cone*, 214 Ga. 733 (107 SE2d 819).

*Davies v. Hearn*, 45 Ga. App. 276 (164 SE 273), allowing a recovery for an injury occasioned while the servant, who was permitted to take the vehicle home overnight, was *on the way home after leaving his place of work*, is distinguishable and does not require a different result. Although there had been a deviation by the servant from his usual route home, he had returned to it before the accident occurred. Likewise, the case of *Southern Gas Corp. v. Cowan*, 89 Ga. App. 810 (81 SE2d 488) is distinguishable. The rationale of these cases is apparent from the assertion of the court in *Cowan* at page 812: "We do not mean to say that, after Bowman [the servant] once arrived at his home then on any subsequent trip and return home for his personal convenience or pleasure he would be within the scope of his employment. What we have said pertains only to the initial taking of the automobile to his home where it would be kept subject to the company call and to his return home after making such a call."

Appellants contend that the garaging of the car at the home of its servant by Star was in its interest and for its benefit because it made the vehicle immediately available should the servant be called to go on company business to one of the service stations, or on some other mission for the company, and that this raises a jury question as to whether the company should be held under the circumstances here.

We cannot agree. In *Frankel v. Cone*, 214 Ga. 733, 736, supra, a personal injury action was brought against the owner of a vehicle and recovery sought "upon the basis that the driver was driving her car *with her consent and for her benefit.*" (Emphasis supplied.) The court observed that "if the plaintiff is entitled to recovery, it is by reason of [Ga. L. 1955, p. 454] *Code Ann.* § 68-301," which provides that "Every owner of a motor vehicle operated upon the public highways, roads or streets of this State shall be liable and responsible for the death, or injuries to person or property resulting from negligence in

the operation of such motor vehicle, if said motor vehicle is being used in the prosecution of the business of such owner or or if said motor vehicle is being operated for the benefit of such owner." The statute was held to be unconstitutional because it imposed liability without fault and without regard to whether the operator of the vehicle occupied such status as to impose liability on the owner under established rules of law. See also *Lloyd Adams, Inc. v. Liberty Mut. Ins. Co.*, 190 Ga. 633, 641 (10 SE2d 46), where another statute was declared to be unconstitutional because it "would authorize a recovery without liability, and would compel payment without fault."

Since it appears that at the time of the accident here Mr. Galbreath, though in the general employment of Star, was on a purely personal mission, occupying the status of a bailee as to the use of it while on the mission, it matters not that the garaging of the car at his home may have been of some benefit to the company. That can afford no basis for the imposing of liability here. *Roper v. Amer. Mut &c. Ins. Co.*, 69 Ga. App. 726, supra.

The contention that there is a conflict in the answers made under oath by Mr. Galbreath to the interrogatories directed to him sufficient to raise a question as to his credibility is without merit. This contention is based upon the fact that after admitting that he was, on the date in question, an employee of Star, he answered an interrogatory, "Q. Were you employed on March 10, 1968?" by asserting: "I have been employed by Star Service & Petroleum Corporation for several years. However, on March 10, 1968, I was not engaged in any service or employment of any nature at the time of the collision. The answers below in connection with Interrogatory No. 2 relate to my general employment and are not to be construed in reference to employment on March 10, 1968, for the reason that at the time of the collision I had been to church and was returning from church to home." Later there was an interrogatory requesting that he "give the name and address of your immediate superrior in your said employment on March 10, 1968, including his job title," to which he answered: "On March 10, 1968, at the time of the collision I was not engaged in any employment for

Star. Service & Petroleum Corporation. My immediate supervisor, however, is S. J. Bradshaw, St. Louis, Mo."

We see no conflict in this testimony. It is entirely consistent, both with the fact of his general employment and the fact that at the time of the collision he was not on a mission for his employer, but on a purely personal one. It raises no issue of credibility, or otherwise, for submission to the jury.

Appellants contend that the only evidence submitted by Star in support of its motion for summary judgment, being the interrogatories and answers thereto by its agent, Galbreath, was self-serving in nature, inadmissible, and could not serve as the basis for the grant of the motion. With this we cannot agree.

A statement is self-serving only when it is of benefit to or in the interest of the one who made it, (*Fann v. State*, 195 Ga. 176 (1) (23 SE2d 399)), was made out of court and not under oath, and does not include testimony which he gives as a witness. 31A CJS 590, Evidence, § 216. "[T]he unsworn declarations of an agent or employee are not ordinarily admissible on behalf of the principal or employer, and this applies whether the statements were oral or in writing. . . [but] [w]here the declaration of an employee is against the interest of such employee, the fact that such declaration may be beneficial to his employer does not render it inadmissible as a self-serving declaration." 31A CJS 598, 599, Evidence, § 216.

Mr. Galbreath's testimony was not self-serving as to himself. It tends to place the whole responsibility for the occurrence upon himself, a co-defendant in the actions, rather than have it shared by his employer. It was not an unsworn declaration; it is sworn testimony. The self-serving declaration rule is based upon the hearsay rule, and this was not hearsay. Cf. *Atlanta Life Ins. Co. v. Thompson*, 43 Ga. App. 331 (158 SE 775).

In Miller v. United States (S. D. Ga.), 144 FSupp. 734, plaintiff had been injured by a government vehicle operated by one of its military personnel and sued the United States under the Federal Tort Claims Act. The government moved for summary judgment, attaching a certified copy of the operator's court-martial trial at which he had entered a plea of guilty to

the charge of having wrongfully appropriated the vehicle to his own use. Plaintiff contended that the plea of guilty by the operator was a self-serving declaration and that a summary judgment should not be entered in favor of his employer, the United States, based thereon. This contention was rejected, the court holding that, "The record is admissible for such a purpose and the plaintiff's contention that the plea of guilty by Pfc. Seidel was a self-serving declaration on the part of the defendant is not correct. The fact that the Government may benefit from an admission which is actually an admission against the interest of the person making it does not make the admission a self-serving one of the Government." P. 737.

For the same reason the assertion or admission of Mr. Galbreath that he was on a purely personal mission at the time of the occurrence in question does not make it a self-serving declaration of Star, his employer. It is testimony of and as to a substantive fact, relating what he had done, where he had gone, and where he was going.

■ The theory of the cases sub judice is that the owner, Star Service & Petroleum Corporation, is liable under the doctrine of respondeat superior. The pleadings have been pierced by the interrogatories and Galbreath's sworn answers. This was sufficient to negate any right of recovery against Star and made a prima facie case for the grant of its motion for summary judgment. It clearly demonstrated that there is no genuine issue of fact on that issue. *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391 (157 SE2d 526). The burden thus shifted to plaintiffs to come up with evidence demonstrating the existence of a genuine issue of fact (*Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (138 SE2d 580)), and, having failed to do so, the grant of the motion was proper.

■ There is no merit in the contention that the court erred in refusing to permit the calling of Galbreath for oral examination at the hearing on the motion. The statute provides for the grant of the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judg-

ment as a matter of law. . ." *Code Ann.* § 81A-156 (c). While there may be circumstances in which the court may, in its sound discretion, permit the use of oral evidence at a hearing on the motion, as, for example, when both parties agree, there is no requirement of the statute that it do so. Even in such circumstances where the parties have agreed the court would be fully justified in denying the request when no arrangement had been made for reporting the evidence so that it might be reduced to writing and filed in the record. It is not the general purpose or design of the statute to permit the use of oral testimony. Very likely one reason for that is that the General Assembly recognized that it would result in the placing of much repetitious evidence in the record and virtually open every hearing on these motions into a full blown trial. When one party is permitted to call witnesses to testify on the hearing it is only natural for the other to feel that he must do the same. Oral testimony would tend to make excursions into areas wholly irrelevant to the ground or grounds on which the motion is made, thus consuming unnecessarily the time of the court and encumbering the record. Denial of a request to permit the use of oral testimony on the hearing is not ground for reversal.

*Judgments affirmed. Bell, P. J., and Deen, J., concur.*