## 49643. PEST MASTERS, INC. v. CALLAWAY.

EVANS, Judge.

Robert DeWayne Black, an employee of Pest Masters, Inc., while driving his employer's automobile from his home to work, was involved in a rear-end collision with a vehicle driven by Forrest D. Callaway.

Callaway sued Black and Pest Masters, Inc. for personal injuries arising out of the collision, alleging the automobile was being operated within the scope of Black's employment while about the business of his employer.

Defendants answered and denied liability. After discovery, Pest Masters, Inc. moved for summary judgment. A hearing was conducted, motion was denied. Pest Masters, Inc. appeals. *Held:*

1. The evidence shows that *as a part of the consideration of his employment,* defendant Black was furnished an automobile to be used to and from work. It also shows that he was subject to call at any time, and he had full authority to drive this automobile any way that he wished. This evidence raised a presumption that the defendant-employee was operating the defendant-employer's automobile within the scope of his employment at the time of the collision.

2. Defendants admit that when an employee is involved in a collision with another vehicle, while driving his master's automobile, a presumption arises that he is within the scope of employment, and cite *Fortenberry & Sons v. Malmberg,* 97 Ga. App. 162 (102 SE2d 667); *Ayers v. Barney A. Smith Motors,* 112 Ga. App. 581 (145 SE2d 753), and others.

3. But, then defendants argue that ordinarily a servant in going to and from work is on a mission purely personal to himself and is not within the scope of

employment, and cite *Stenger v. Mitchell,* 70 Ga. App. 563 (28 SE2d 885); *Bailey v. Murray,* 88 Ga. App. 491, 496 (77 SE2d 103), and others.

4. But what defendants overlook in this case, and which point they have not addressed at all, is that the evidence here shows that the master furnished the automobile to the servant for the purpose of going to and returning from work, *which was a part of the consideration of the employment.* This completely differentiates this case from those cited by defendants. For here the employer and employee both agreed that the employee would be paid so much in money, and would also be furnished the master's car to use in going to work and returning from work. The master thus recognized that it was beneficial to the master to have the servant drive the car to and from work. In *American Hardware &c. Ins. Co. v. Burt,* 103 Ga. App. 811, 815 (120 SE2d 797), this court held: "An agreement that the employment relationship shall continue during the period the employee is going to and returning from work may be inferred from the fact that transportation is furnished by the employer as an incident thereof, Kobe v. Industrial Acc. Commission, 35 Cal. 2d 33 (215 P2d 736).

"Where transportation is furnished as an incident of the employment, the accident incurred during such transportation is compensable. 99 C. J. S. 834, Workmen's Compensation, § 235. If there is a causal connection between the nature of the employment and the travel because the business of the master creates the necessity therefor, the injury is compensable. Taylor v. Meeks, 191 Tenn. 695 (236 SW2d 969). See also 50 ALR2d 363; 141 ALR 862; 139 ALR 1472. Whether the transportation furnished is for the purpose of getting the employee promptly to work in the morning and home at night, or of getting promptly to and from the premises during the lunch hour period, is not in itself decisive, the question being whether the furnishing of the transportation is a benefit to the employer and an incident of the employment contract. In this case it served both functions."

Thus, it is shown that the employment, under such circumstances, is in existence and is a benefit to the

employer all of the time the employee is riding to and from work in the master's car.

5. This court has gone a step further in respect to motions for summary judgment. When the collision is shown to have occurred while the employee is driving the master's car, the presumption arises that the servant is in the scope of his employment. But the defendant may introduce uncontradicted evidence to rebut such presumption. What is the posture of the motion for summary judgment then? In *Ayers v. Barney A. Smith Motors,* 112 Ga. App. 581, 582, supra, this court holds: ". . . 'Where there are circumstances developed by the evidence other than those which gave rise to the presumption from which the jury might legitimately infer that the servant was acting within the scope of his employment the presumption is not overcome as a matter of law even though the master and servant positively testify that what he was doing was without the scope of his employment. The issue is generally one for the jury.' *F. E. Fortenberry & Sons, Inc. v. Malmberg,* 97 Ga. App. 162, 166 (102 SE2d 667)." To the same effect is the holding in *Fortenberry & Sons v. Malmberg,* 97 Ga. App. 162 (2), supra, which holds: "Where an employee, who is employed for the special purpose of operating a truck for his master, is found driving the truck in the usual manner, a presumption arises that he is acting within the scope of his authority. The burden may be overcome by positive and uncontradicted proof that the employee, at the time under investigation, was not acting under authority conferred upon him by his master, or within the scope of his employment. Where evidence other than that which gives rise to the presumption, and from which it may be inferred the servant was engaged in the duties of his employment is adduced, the issue is for the jury."

Thus, in summary judgment cases, because of the great burden that is placed on the movant, as is clearly shown in *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442), and *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408), the facts arising from the presumption, although rebutted by uncontradicted evidence, must be determined by a jury. As is held in *McCarty,* supra: "Where more than one inference can be

drawn from the evidence, the duty of solving the mystery should be placed upon the jury and not on the trial judge" and ". . . the party opposing the motion must be given the benefit of all reasonable doubts on . . . motion for summary judgment." The court did not err in denying defendants' motion for summary judgment.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 3, 1974 — DECIDED OCTOBER 22, 1974.

*Shoob, McLain, Jessee, Merritt & Lyle, M. David Merritt,* for appellant.
*Charles O. Baird, Jr.,* for appellee.