## 49968. McKINNEY et al. v. T. I. M. E. - D. C., INC.

MARSHALL, Judge.

This case is an appeal from the granting of summary judgment in favor of defendant, T. I. M. E. - D. C.

The issue in this case in brief is whether or not the defendant Banks, driver of the automobile involved in the collision, was within the scope of employment of defendant, T. I. M. E. - D. C., at the time of the collision with the motorcycle driven by plaintiff's son so as to subject defendant, T. I. M. E. - D. C., to liability under the doctrine of respondeat superior, the vehicle being driven by defendant, Banks, being owned by defendant, T. I. M. E. - D. C., which was Banks' employer.

Defendant Banks, driver of the automobile in question, was on his way home from work. Banks, under the arrangement with T. I. M. E. - D. C. was given use of the automobile for work and personal use, and he was charged with its maintenance, the cost for which he was reimbursed by T. I. M. E. - D. C. Banks had left the office of T. I. M. E. - D. C. and was on his way home from work, having driven several miles, when the collision in question occurred within three blocks of Banks' home. Banks had authority to make calls from home, but customarily each day went to the office of T. I. M. E. - D. C. in the morning and from there made calls and returned to the office in the afternoon and thence went home. In an affidavit attached to the motion for summary judgment of T. I. M. E. - D. C. and in the deposition of Banks, Banks stated that he was a sales representative or market representative of T. I. M. E. - D. C. on December 18, 1972, the date of the collision in question. Further, defendant Banks stated that as a salesman he was considered a part of the management personnel and not subject to punching time clocks. Banks further stated that the automobile which he was driving was provided to him for his use in representing T. I. M. E. - D. C. as a sales representative and that the automobile was provided to him for his use in driving places to represent T. I. M. E. - D. C. in an employer/employee capacity. He further stated that as a part of that representation he kept that automobile and drove it from home both to and from work and from his home out to

make calls. He said that there was no limitation on his use of the automobile and stated that all sales personnel of T. I. M. E. - D. C. were provided with a company automobile. He added that he used the vehicle to travel to and from work and for his own personal use and that he was the total, whole and complete custodian of the vehicle. He agreed that the vehicle was given to him with the idea that he would take care of it, that it was the vehicle of T. I. M. E. - D. C., but that he, Banks, was charged with the responsibility of maintenance and upkeep, etc. T. I. M. E. - D. C. reimbursed him for the maintenance and upkeep, but it was his responsibility to see that the vehicle was maintained and in proper condition at all times and that he had the vehicle regularly serviced, the oil changed, just as if it was his own automobile. He further stated that he kept the safety characteristics and mechanical characteristics and everything right up to the dealer's standards as per the owner's manual of the automobile and that he was charged with that responsibility.

Upon the hearing of the motion for summary judgment, the trial court granted the motion for summary judgment in favor of defendant T. I. M. E. - D. C., and plaintiffs appealed. *Held:*

1. The rule governing the determination of liability in this situation is found in *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (1) (166 SE2d 593), where the court said: "1. (a) When it appears that a vehicle was, at the time in question, being operated by an employee of its owner, an inference arises that it was being operated by the employee within the scope of his duty and employment. (b) When there is positive, uncontradicted testimony that the employee was not at the time on any mission in behalf of his employer or in the course of his employment, but that he was on a purely personal mission, the inference is overcome. (c) When a servant is permitted by the master to use a vehicle for the servant's own pleasure or business, wholly disconnected from that of the master, and a third party is injured by the servant's negligent operation of it while on his own mission, the master cannot be held liable under the doctrine of respondeat superior. (d) Ownership of the vehicle alone is insufficient to establish any liability on the part of the owner, and mere proof of own-

ership is not sufficient to establish prima facie that the vehicle, though operated by a servant of the owner, was being used in the owner's business or within the scope of the servant's employment. (e) Operation of the master's vehicle by a servant with the master's knowledge, consent and permission, but on a mission purely personal to the servant, places the servant in the same position as that of any borrower of a vehicle, and as to the use of the vehicle on the personal mission the relationship is that of bailor and bailee only. (f) That the permitted garaging of the employer's vehicle by the employee at his home may have been of some benefit to the employer does not impose liability for an injury inflicted by the employee's negligent operation of the vehicle while on a purely personal mission. (g) There was no conflict in the employee's testimony raising a question of credibility for submission to a jury." Although this case is not on all fours with *Star Service & Petroleum Corporation* because of a difference in the facts, its principles when applied to this case require that we affirm the judgment of the trial court.

2. The application of the general rule in the specific factual situation where the employee was going to or from work at the time of the collision is controlled in Georgia by *Chattanooga Publishing Co. v. Fulton,* 215 Ga. 880 (114 SE2d 138), where the rule is stated as follows: "As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work." Further, in the same opinion, the court also states: "The evidence in the instant case demands the conclusion that, at the time of the collision complained of, the husband of the plaintiff was using the defendant's automobile for a purely personal mission of his own and of his wife, in no way connected with the business of the owner, and not within the scope of his employment."

3. This case can be distinguished from *Pest Masters v. Callaway,* 133 Ga. App. 123 (210 SE2d 243), which reiterates the general principle governing these cases. Division 4 of the opinion in that case is clearly distinguishable from the case sub judice because the cases

cited in Division 4 are all cases involving claims for workmen's compensation. Division 5 of that opinion clearly states the rule which applies in this case: "Where there are circumstances developed by the evidence other than those which gave rise to the presumption from which the jury might legitimately infer that the servant was acting within the scope of his employment the presumption is not overcome as a matter of law even though the master and servant positively testify that what he was doing was without the scope of his employment. The issue is generally one for the jury. . . Where an employee, who is employed for the special purpose of operating a truck for his master, is found driving the truck in the usual manner, a presumption arises that he is acting within the scope of his authority. The burden may be overcome by positive and uncontradicted proof that the employee, at the time under investigation, was not acting under authority conferred upon him by his master, or within the scope of his employment. Where evidence other than that which gives rise to the presumption, and from which it may be inferred the servant was engaged in the duties of his employment is adduced, the issue is for the jury."

In this case, the proof was positive and uncontradicted that the employee at the time under investigation was not acting under the authority conferred upon him by his master or within the scope of his employment. Further, there was no other evidence whatsoever to infer that the servant was engaged in the duties of his employment. Therefore, the judgment of the trial court was correct.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Argued January 6, 1975 — Decided February 20, 1975.

*Hatcher & Daniel, David P. Daniel,* for appellants.
*Pittman, Kinney, Kemp, Pickell & Avrett, L. Hugh Kemp, Henry C. Tharpe, Jr.,* for appellee.