60787. CHAPPELL et al. v. JUNIOR ACHIEVEMENT OF GREATER ATLANTA, INC.

McMURRAY, Presiding Judge.

This is a tort case involving a motor vehicle collision in which the trial court granted summary judgment in favor of the defendant, Junior Achievement of Greater Atlanta, Inc., because this defendant contends that its employee and agent (also a defendant) was merely driving to and from his work and therefore was acting for his own purposes and deviated from his master's business by making a stop to conduct personal business. In the trial court three separate suits were

filed arising out of this collision in which the plaintiff's wife and child received personal injuries. Plaintiff husband and father sought damages for medical expenses, loss of consortium of his wife and services of his child. Plaintiff wife sought damages for pain and suffering, loss of consortium, loss of earnings, and diminution of earning capacity. Plaintiff child, by and through his father, sought damages for pain and suffering and diminution of future earning capacity.

The trial court has held in ruling upon a consolidated motion for summary judgment as to all three cases that the defendant, Junior Achievement of Greater Atlanta, Inc., was entitled to judgment as a matter of law since there was no genuine issue as to any material fact which would justify the rendering of judgment against this defendant. The plaintiffs appeal. *Held:*

The uncontroverted facts of the case are as follows: On October 30, 1976, the employee and agent (Scott) of this defendant (Junior Achievement), while driving an automobile owned by his employer (Junior Achievement), collided with the rear end of a motor vehicle occupied by the plaintiffs, causing serious and permanent injuries. It is uncontroverted that Scott left his home on a Saturday morning, the same not being a normal work day, *to attend a function on behalf of Junior Achievement at the campus of the Georgia Institute of Technology.* He attended the function and departed Georgia Tech to return to his home. He stopped at a shopping center in order to obtain money at a bank and make some purchases at a drug store. He then returned to his original route home *and was en route at the time of the collision.*

The defendant (Junior Achievement) bases its motion for summary judgment on the affidavit of Scott that he was not, at the time of the collision, acting within the scope of his employment (his own conclusion). However, Scott, by deposition, testified that the automobile was owned by Junior Achievement, was provided by his employer as a part of his compensation to enable him to attend such functions as he did on the day of the subject collision; that he had no reason to travel to and from Georgia Tech other than to perform his duties as an employee of the defendant. He deviated from his intended route for a period of 10 to 15 minutes to stop at the shopping center. He returned to the route he would have taken when the collision occurred. Clearly this was not a purely personal trip that would exempt his employer from liability in this instance, although the jury might rule otherwise in making its determination as to whether the defendant employer was in any way liable under the circumstances.

The law is clear that in the absence of special circumstances a

servant in going to and from work in an automobile acts only for his own purposes and not for those of his employer. But this rule does not apply "where the vehicle is taken to the employee's home because the employee's possession of it enables him more conveniently to perform some duty for the master." *Bailey v. Murray,* 88 Ga. App. 491, 496 (77 SE2d 103).

The evidence clearly established that the defendant provided the vehicle to the employee (Scott) to facilitate his attendance at functions such as the one he attended on the day in question. The evidence here is devoid of testimony that the employee (other than his own conclusion) was *not acting within the scope of his employment at the time of the incident in question.* The presumption is that under the above facts the servant was serving his master within the scope of his employment, and it is purely a jury question as to whether there is any testimony sufficient to overcome this presumption. See *F. E. Fortenberry & Sons, Inc. v. Malmberg,* 97 Ga. App. 162, 165 (102 SE2d 667), and *Ayers v. Barney A. Smith Motors, Inc.,* 112 Ga. App. 581 (145 SE2d 753). Even the positive and uncontroverted testimony by the employee (Scott) that he was not within the scope of his employment does not overcome as a matter of law the presumption created by the above circumstances that the servant was serving his master within the scope of his employment in going to and from Georgia Tech to attend a function required by his employment.

This case is far different on its facts from *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga. 776 (257 SE2d 186), in which the doctrine of respondeat superior is discussed and certain of the decisions of the Court of Appeals are considered. The Supreme Court held at page 783 that the Court of Appeals' decision in *Massey v. Henderson,* 138 Ga. App. 565 (226 SE2d 750), affd. 238 Ga. 217 (232 SE2d 53), was that the employee was " 'subject to call at any time,' " and that this was direct evidence indicating the employee was, in fact, in the scope of his employment at the time of the motor vehicle collision he had with his employer's automobile. At the same time the Supreme Court criticized language in *Pest Masters, Inc. v. Callaway,* 133 Ga. App. 123 (210 SE2d 243), although admitting that case was correctly decided based on the interpretation given it in *Massey v. Henderson,* supra, but not in extending the rule so as to hold that an automobile furnished to an employee "as a part of the consideration for the employment is a sufficient fact to get the case to a jury" and disallow summary judgment.

The general rule is that after an employee returns to the master's business or even where he has partially returned, the liability of the employer reattaches. See in this connection *Bunch v. McLeskey,* 173

Ga. 545, 546 (1) (2) (161 SE 128); *Fulton Bag & Cotton Mills v. Eudaly,* 95 Ga. App. 644, 646 (98 SE2d 235); *Davies v. Hearn,* 45 Ga. App. 276, 278-279 (164 SE 273).

Clearly the evidence established that the automobile owned by the employer (defendant Junior Achievement) was provided by it to the employee (Scott) as a part of his compensation and to enable him to attend such functions as he did on the day of the subject collision. His testimony was positive that he had no other reason to travel to and from Georgia Tech other than to perform his master's duties as an employee of the defendant Junior Achievement. Based upon the above cases, the motion for summary judgment in this case was erroneously granted.

*Judgment reversed. Quillian, C. J., Deen, P. J., Shulman, P. J., Birdsong, Carley, Sognier and Pope, JJ., concur. Banke, J., dissents.*

DECIDED JANUARY 8, 1981 —

*Victoria D. Little,* for appellants.
*Scott Hoffman, Earl J. VanGerpen,* for appellee.

BANKE, Judge, dissenting.

This appeal is from the grant of summary judgment for defendant, Junior Achievement of Greater Atlanta, Inc., in a personal injury action arising out of an automobile collision. The sole question presented is whether, upon the uncontroverted facts, appellee could be subject to liability under the doctrine of respondeat superior. The uncontroverted facts are that appellee owned the automobile in question and had provided it to Gerald Scott, a vice president of Junior Achievement, for his business use, as well as for his personal use as a fringe benefit of employment. The accident occurred on a Saturday afternoon as Mr. Scott was returning home. Earlier that morning, he had attended a Junior Achievement function held at Georgia Tech. Mr. Scott had stopped at a shopping center to make some purchases but was again headed home when the collision occurred.

"1. (a) When it appears that a vehicle was, at the time in question, being operated by an employee of its owner, an inference arises that it was being operated by the employee within the scope of his duty and employment. (b) When there is positive, uncontradicted testimony that the employee was not at the time on any mission in behalf of his employer or in the course of his employment, but that he was on a purely personal mission, the inference is overcome. (c) When

a servant is permitted by the master to use a vehicle for the servant's own pleasure or business, wholly disconnected from that of the master, and a third party is injured by the servant's negligent operation of it while on his own mission, the master cannot be held liable under the doctrine of respondeat superior." *Price v. Star Svc. &c. Corp.,* 119 Ga. App. 171 (1) (166 SE2d 593) (1969). "As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work." *Stenger v. Mitchell,* 70 Ga. App. 563, 566 (28 SE2d 885) (1944); accord, *Chattanooga Pub. Co. v. Fulton,* 215 Ga. 880 (114 SE2d 138) (1960); *McKinney v. T.I.M.E.-D.C., Inc.,* 134 Ga. App. 57 (213 SE2d 166) (1975).

It is undisputed that the Junior Achievement function had ended and that Mr. Scott was on his way home when the accident occurred. He was, as a matter of uncontroverted fact, on his way home from a personal errand when the accident occurred. To defeat a motion for summary judgment "[w]hen the uncontroverted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment." *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga. 776, 780 (257 SE2d 186) (1979). No such other fact appearing, the trial court's order granting summary judgment was proper. Accord, *Fambro v. Sparks,* 86 Ga. App. 726 (3) (72 SE2d 473) (1952); *Stenger v. Mitchell,* supra.

I respectfully dissent.